# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRIGNIA

SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

AT HOME PERSONAL CARE SERVICES LLC.,
and
ROBIN WRIGHT, Individually and as Owner and
President of AT HOME PERSONAL CARE
SERVICES LLC
            Defendants.

Civil Action No. 1:18-cv-549-LMB/IDD

## AMENDED COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin At Home Personal Care Services, LLC., and Robin Wright, individually and as Owner of At Home Personal Care Services, LLC., (hereinafter collectively referred to as "the Defendants") from violating the provisions of Sections 7, 15(a)(2), 11, and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant At Home Personal Care Services, LLC, ("At Home Personal Care") is, and at all times hereinafter referenced was, a corporation with a place of business at 9218 Centreville Road, Manassas, VA 20110, which is within the venue and jurisdiction of this Court. This Defendant is a home health care firm that employs home aides and provides skilled home health care services in consumer's private residences. These services include administering medication and providing colostomy care, catheter care, physical therapy, and occupational therapy, feedings, bathings, dressings, errand running, shopping, and light cleaning.

3. Defendant, Robin Wright is and, at all times hereinafter referenced, is the owner and President of At Home Personal Care. Defendant Wright does, and at all times hereinafter mentioned did, business in Manassas, VA as she oversees the daily operation of the business located at 9218 Centreville Road, Manassas, VA 20110, which is within the venue and jurisdiction of this Court. Defendant Wright is actively involved in the day to day operations of the company, has the ability to hire and fire employees, assign work assignments, and set rates of pay accordingly. Defendant Wright has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business

purpose. These activities constituted (and/or were related to) the providing of in home health care services, in furtherance of the business purposes of Defendants' unified business entity.

5. At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, that have been moved in or were produced for commerce. Certain insurance documents, office and medical supplies are regularly handled by staff and are sent across state lines, including to and from Minnesota, Ohio, and Michigan. Staff regularly made and received calls from out of state. They also sent and received mail from out of state. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

6. The employees listed in the attached Schedule A have been employed by Defendants to work as home aides since October 6, 2015, which is the time period covered by this Complaint.

7. At all times hereinafter mentioned, Defendants have been third party employers of the home aides listed in the attached Schedule A. These home aides work directly for the Defendants and not for the consumers for whom they are providing these skilled home health care services. These skilled home health care services are considered "domestic service" as defined in 29 C.F.R. § 552.3 because they are "services of a household nature," performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

8. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of

3

goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates.

    a.    For example, from October 6, 2015 through at least October 1, 2017, Defendants employed the individuals listed in the attached Schedule A as home aides. Defendants paid these employees, who performed work for Defendants, the same hourly rate for all hours worked in a given work week, even when these hours exceeded forty hours in a workweek. These employees worked approximately 41 to 115 hours each workweek between October 6, 2015 and at least October 1, 2017. From October 6, 2015 through at least October 1, 2017, Defendants paid these employees their regular hourly rates, which ranged from approximately $9.00 per hour to $25.00 per hour, for all hours worked, including those hours worked over forty in a workweek. Under Sections 7 and 15(a)(2) of the Act, Defendants were required to pay these employees the overtime premium rate of not less than one and one-half times their regular rates of pay, which ranges from approximately $13.50 per hour to $37.50 per hour.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

    a.    For example, from October 6, 2015 through at least September 17, 2016, Defendants failed to make, keep, and preserve records of the total hours worked each workday and each workweek by the employees listed in the attached Schedule A. 29 C.F.R. §§ 516.2(a)(1)-(4).

4

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain Defendants' current and former employees listed in the attached Schedule A for the period of October 6, 2015 through October 1, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after October 1, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Post Office Address | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>201 12th Street South, Suite 401<br>Arlington, VA 22202<br>Phone: 202.693.9393 | Oscar L. Hampton<br>Regional Solicitor |
| Fax: 202.693.9392 | Samantha N. Thomas<br>Associate Regional Solicitor |
|  | Ryma Lewis<br>Trial Attorney |
| Date: August 6, 2018 | /s/Karen Barefield<br>Karen Barefield<br>Attorney<br>VSB #42572<br>Office of the Regional Solicitor<br>201 12th Street South<br>Arlington, VA 22202-5450<br>T: (202) 693-9371<br>F: (202) 693-9392<br>E: Barefield.karen@dol.gov |
|  | UNITED STATES DEPARTMENT OF LABOR<br>Attorneys for the Plaintiff |

# Schedule A

| First Name | Last Name |
|---|---|
| Nana | Achiaa Karikari Boateng |
| Angela | Alanis |
| Patience | Ankrasi |
| Joseph | Ansah |
| Roxana | Arita |
| Kathy | Averett |
| Arninata | Bangura |
| Elaine | Bland |
| Princess | Brent |
| Queenempress | Brent |
| Alice | Brummett |
| Silvia | Castillo |
| Caitlyn | Chaus |
| Karla | Cortez |
| Afoa | Crentsil |
| Gabriel | Daraie |
| Malessia | Dawson |
| Renee | Dennis |
| Jacqueline | Dunkley |
| Persable | Edwards |
| Minabelle | Foading |
| Guadalupe | Gallardo |
| Cheryl | Green |
| Florence | Gyamfi |
| Robin | Heiden |
| Traci | Hicks |
| Isha | Kargbo |
| Shiqesh | Lewis |
| Felicita | Lopez |
| Annie | Martin |
| Lucilla | Mayorga |
| Yendis | Mejia |
| Elda | Mendoza |

| | |
|---|---|
| Mahin | Miramini |
| Sharon | Nadeau |
| Dijohn | Nolen |
| Ingrid | Portillo |
| Illana | Quinteros |
| Claudia | Romero |
| Alice | Sanderson |
| Lydia | Schaefer |
| Cory | Shaulis |
| Andrea | Van Pelt |
| Arny | Wadlow |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th date of August 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Seth James B. Obed
VSB #82482
Attorney for At Home Personal Care Services LLC and Robin Wright
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
T: (703)638-8913
F: (703)894-4940
E: sobed@obedlaw.com

*/s/Karen Barefield*
Karen Barefield
Attorney
VSB #42572
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
T: (202) 693-9371
F: (202) 693-9392
E: Barefield.karen@dol.gov