IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>                Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

**JOINT MOTION TO EXTEND DISCOVERY AND
CONTINUE FINAL PRETRIAL CONFERENCE**

    Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") and Defendants At Home Personal Care LLC and Robin Wright ("Defendants") jointly file this motion to extend the discovery deadline and continue the Final Pretrial Conference and corresponding deadlines. In support thereof, the parties state as follows:

    1. The current deadline for completion of discovery is December 14, 2018. *See* Order Rule 16(b) Scheduling Order (ECF Docket No. 19)

    2. The Final Pretrial Conference is December 20, 2018. *See* Scheduling Order (ECF Docket No. 9), to January 18, 2019

    3. On August 30, 2018, Plaintiff served his First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions. While Defendants timely responded to those discovery requests on October 1, 2018, Plaintiff contends those discovery responses are deficient and incomplete.

    4. On October 25, 2018, Plaintiff served Defendants with a discovery deficiency letter and requested a meet and confer regarding the identified deficiencies. *See* Exhibit A, Plaintiff's Discovery Deficiency letter dated October 25, 2018.

5. On October 31, 2018, the parties conducted a meet and confer concerning Defendants' discovery responses and objections. Following that meeting, the parties agreed upon a deadline of November 13, 2018, although the Parties' notes had different dates, with Defendants' counsel's notes indicating November 14, 2018 and Plaintiff's counsel having November 13, 2018, for Defendants to supplement their discovery responses.

6. Defendants did not supplement their written discovery responses by the agreed-to date. On November 14, 2018, Plaintiff inquired of defense counsel as to when Defendants would supplement their discovery as discussed during the parties' meet and confer.

7. On November 16, 2018, defense counsel informed Plaintiff's counsel that Defendant Robin Wright had been hospitalized for emergency surgery, and would be unavailable for approximately 30 days.

8. Consequently, Defendant's ability to supplement their discovery and participate in pending depositions has been unexpectedly delayed.

9. The information and documents sought by both parties are essential to the parties' respective prosecution and defenses of these proceedings.

10. Plaintiff requires complete discovery responses from Defendants to finish his remaining discovery in this case, e.g., depositions. A delay of 30 days would prevent Plaintiff from completing the necessary discovery in this case. Moreover, a 30 day delay would deny Plaintiff sufficient time to file a motion to compel before the discovery cut-off should Defendants' discovery responses remain uncured.

11. A limited extension of 30 (i.e. January 14, 2019) days would allow Defendants to cure their discovery deficiencies and allow the parties to complete depositions of Wage and Hour Division Assistant District Director Christopher Silva, At Home Personal Care's Administrator, Lamonte Wright, and At Home Personal Care's CPA, Mark Thompson, which would facilitate the parties' efforts to resolve this case.

12. Accordingly, discovery during the limited extension period would be limited to curing Defendants' discovery deficiencies, Defendants deposing Mr. Silva, Plaintiff deposing Lamonte Wright and Mark Thompson.

13. This Motion has not been submitted for the purposes of delay.

WHEREFORE, the parties jointly request the Court enter an Order extending the discovery cut-off to January 11, 2019 and continuing the Final Pretrial Conference and other deadlines commensurate with the Final Pretrial Conference to January 18, 2019.

Respectfully Submitted,

| | |
|---|---|
| Post Office Address | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>201 12th Street South, Suite 401<br>Arlington, VA 22202<br>Phone: 202.693.9393<br>Fax: 202.693.9392 | Oscar L. Hampton<br>Regional Solicitor |
| | Samantha N. Thomas<br>Associate Regional Solicitor |
| | Leah Williams<br>Wage and Hour Counsel |
| | _/s/ Ryma Lewis_<br>RYMA LEWIS, VSB#83322<br>[P](202)693-9369; [F](202)693-9392<br>Lewis.Ryma@dol.gov<br>*Attorneys for Plaintiff* |
| | _____/s/_____<br>SETH JAMES B. OBED, VSB #82482<br>Obed Law Group, PLC<br>111 Oronoco Street<br>Alexandria, VA 22314<br>[T] (703) 638-8913; [F](703)894-4940<br>sobed@obedlaw.com<br>*Attorney for Defendants* |

**U.S. Department of Labor**   Office of the Regional Solicitor

201 12th Street South

Arlington, VA  22202

(202) 693-9393



October 25, 2018

Seth James B. Obed
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314

Re:   *Secretary of Labor v. At Home Personal Care., et al.*: Request to Meet and Confer
         Case No. EDVA 1:18-cv-549-LMB/IDD

Dear Mr. Obed:

I am in receipt of your client's responses and answers to the Secretary's First Set of Production of Documents, First Set of Interrogatories, First Request for Admissions. Upon review of the responses and documents provided, I note the following deficiencies:

Interrogatories
- I-4: Non-responsive/Evasive. The Answer to the Interrogatory that was provided is non-responsive.  Did not detail method of calculation as Interrogatory requests. Answer provided is non-responsive
- I-5: Non-responsive/Evasive. The Answer to the Interrogatory that was provided is non-responsive.  Further, as previously discussed, the asserted objection is not grounded in good faith or law. The FRCP Rules require that the responding party exercise due diligence and reasonable inquiry. To extent contact information is not available, supervisor and job title can and should be identified.
- I-8: Non-responsive/Evasive. The Answer to the Interrogatory that was provided is non-responsive. For example, the Answer to the Interrogatory provided did specify the job title, contact information, supervisor information (i.e. which individuals identified on Schedule A responsible for whom supervisor is responsible for scheduling and/or supervising.)
- I-15: Non-responsive/Evasive. The Answer to the Interrogatory that was provided is non-responsive. The annual gross revenue for each year identified was not provided.

Request for Admissions
The Objections and Responses to all of the Secretary's First Set of Request for Admissions do not completely respond to the Request. The Requests are sufficiently defined, within the scope of

the matter and address issues of facts and the application of the law to the facts. The Rule require that the answer fairly respond to substance of the matter and when good faith requires, a qualified answered or inability to answer may be asserted. However, Defendant's responses to the Requests neither admit or deny; and, the qualification to each response is inappropriate. Responsive answers or appropriate objections are required. As such, I also to seek to hold a meet and confer to discuss the objections and non-responsive answers to all of the Secretary's Request for Admissions.

Request for Production of Documents
The documents provided in response to the Request for Production of Documents were not organized and labeled in any particular manner as to allow the Secretary to ascertain which documents were responsive to which Requests. The Rules provide that documents must be organized and labeled to correspond to the categories in the request. Defendants produced over 1,500 documents. It is unclear what documents are responsive to what Requests. Defendants needs to clearly identify the documents that are responsive to each individual request. Additionally, a basic housekeeping matter, a number of documents are scanned on the wrong side, thereby making the document contents illegible. Many responses state that the response will be "supplement as needed." This response is non-responsive and evasive. Moreover, it is not clear what is meant by "as needed."

Further, within the response to the Request for Production of Documents, a generic "withheld documents" is stated. To the extent that any documents are withheld and/or redacted, on the basis of privilege or subject to protection as hearing-preparation material, please provide a privilege log as required by Federal Rules of Civil Procedure 26(b)(5) and paragraph III(D) of our Joint Discovery Plan.

Additionally, I am requesting a meet and confer regarding the following, non-responsive and/or incomplete Requests: 2, 3, 4, 5, 6, 9,12, 13, 16, 17, 18, 20.

Please advise for your availability to participate in a meet and confer either on October 30, 2018 or October 31, 2018. Thank you for your prompt attention to this matter.

Sincerely,

Oscar L. Hampton III
Regional Solicitor


By:            /s/ *Ryma Lewis*
      Ryma Lewis
      Trial Attorney