IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually, <br><br> Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

## PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' OBJECTIONS AND COMPEL RESPONSES TO DISCOVERY [1]

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Civil Rule 7(E) and Local Civil Rule 37(E), Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor moves for an order compelling Defendants At Home Personal Care LLC and Robin Wright ("Defendants") and to respond fully to the Plaintiff's First Set of Interrogatories and First Request for Production of Documents within seven days of the order granting this Motion.

Defendant's October 1, 2018 discovery responses was incomplete and unresponsive. As discussed in detail in the accompanying memorandum, many of Defendants' discovery

---

[1] CERTIFICATION:  Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(E), counsel for Plaintiff conferred with Defendants' counsels, via telephone, and via email, in a good faith effort to resolve the discovery matters that are the subject of this motion.

responses are inadequate, and Defendants' objections to the discovery requests and the inspection sought are without merit.

    WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion to Compel and Overrule Objections to Defendants' Responses to Plaintiff's first Set of Interrogatories, Plaintiff's First Request for Production of Documents, and to Deem Plaintiff's First Request for Admissions Admitted.

Respectfully Submitted,

Post Office Address

U.S. Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
Phone: 202.693.9393
Fax: 202.693.9392

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah Williams
Wage and Hour Counsel

    /s/ Ryma Lewis
Ryma Lewis
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
VA Bar No.: 83322
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date: December 28, 2018

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 28, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

SETH JAMES B. OBED, VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
[T] (703) 638-8913; [F](703)894-4940
sobed@obedlaw.com
Attorney for Defendants

                                                                                             /s/ Ryma Lewis
                                                      Ryma Lewis
                                                      Attorney
                                                      Office of the Regional Solicitor
                                                      201 12th Street South
                                                      Arlington, VA 22202-5450
                                                      VA Bar No.: 83322
                                                      P: (202)693-9369
                                                      F: (202)693-9392
                                                      E: Lewis.Ryma@dol.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

R. ALEXANDER ACOSTA, SECRETARY
OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,

                  Plaintiff,

v.

AT HOME PERSONAL CARE SERVICES,
LLC, and ROBIN WRIGHT, Individually,

                  Defendants.

Civil No.: 1:18-cv-549 (LMB/IDD)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO OVERRULE DEFENDANTS' OBJECTIONS AND COMPEL DISCOVERY RESPONSES**

      Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Civil Rule 7(E) and Local Civil Rule 37(E), Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor submits this memorandum in support of his motion to overrule objections and compel At Home Personal Care LLC and Robin Wright ("Defendants") to respond fully to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. As discussed in detail below, Defendants' discovery responses are inadequate and Defendants' objections to said requests are without merit. For these reasons, Plaintiff respectfully requests that the Court overrule Defendants objections and order Defendants to provide full and complete responses to his discovery requests.

1

I.     PROCEDURAL AND FACTUAL HISTORY

On August 6, 2018, Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor filed this Fair Labor Standards Act (FLSA) overtime and recordkeeping case against At Home Personal Care Services, LLC ("AHP") and Robin Wright. *See* ECF No. 1. Plaintiff alleges that although their employees regularly worked more than 40 hours per workweek, Defendants failed to pay them 1.5 times their regular rate of pay for all time worked in excess of 40 hours per workweek since at least October 6, 2015. *See id*.

On August 30, 2018, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents, via electronic mail. *See* Exhibit A. On or about September 15, 2018, Defendants served its objections to Plaintiff's discovery requests. *See* Exhibit B. Plaintiff's counsel received Defendants' responses to Plaintiff's discovery requests on or about October 1, 2018. *See* Exhibit C.

Due to the patent insufficiency of these responses and the inappropriateness of Defendants' objections to certain discovery requests, Plaintiff's counsel conferred with Defendants' counsel, pursuant to Local Civil Rule 37(E), via email on September 14, 2018 and October 25, 2018; and telephonically on September 20, 2018. *See* October 25, 2018 Meet and Confer Letter, attached hereto as Exhibit D. On October 31, 2018, the parties participated in an in-person meet and confer concerning Defendants' discovery responses and objections.

Following that meeting, the parties agreed upon a deadline of November 13, 2018 by which Defendants would supplement their deficient discovery responses. Defendants, however, did not supplement their written discovery responses by the agreed-to date. On November 14, 2018, Plaintiff inquired of defense counsel as to when Defendants would supplement their discovery. On November 16, 2018, defense counsel informed Plaintiff's counsel that Defendant

2

Robin Wright had been hospitalized for emergency surgery, and would be unavailable for approximately 30 days. On November 21, 2018, the parties submitted a Joint Motion to Extend Discovery and Continue the Final Pretrial Conference. *See* ECF No. 22. On November 27, 2018, the Court granted the parties joint request and extended discovery to January 11, 2019. *See* ECF No. 23.

On November 30, 2018, Defendants supplemented a limited number of discovery responses. However, the supplemented responses did not cure the identified discovery deficiencies. *See* Exhibit E. To date, Defendants have failed to cure the identified discovery deficiencies.

The discovery at issue seeks specific information relevant to Plaintiff's claims against Defendants, including Defendant's overtime violations, misclassification of employees as independent contractors, and payroll and compensation practices, as well as the identity of persons with knowledge of any facts related to the allegations set out in the Amended Complaint and the scope of that knowledge.

## II. DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS ARE INSUFFICIENT AND NON-COMPLIANT

### A. Defendants' Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents are Without Legal Merit

"[F]ailure to make 'specific legitimate objections to particular interrogatories [or requests for production] within the time allowed' may result in a court deeming any objections waived." *Id*. (internal brackets in original) (q*uoting Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 304 (D. Kan. 1996) (*quoting Casson Constr. Co. v. Armco Steel Corp*., 91 F.R.D. 376, 379 (D. Kan. 1980)). Federal Rule of Civil Procedure 33(b)(4) requires that the grounds for any objection to an interrogatory be "stated with specificity." Fed. R. Civ. P. 33(b)(4). Similarly, an objection to part of a request for production of documents must be specifically stated, and the

3

producing party must permit inspection of the non-objectionable part. Fed. R. Civ. P. 34(b)(2)(C).

Defendants' objections to Plaintiff's discovery requests are overstated and inapplicable and, therefore, fail to meet the requirements of Fed. R. Civ. P. 33 and 34. Defendants objected to the majority of Plaintiff's First Set of Interrogatories and nearly all of Plaintiff Requests for Production of Document, and the majority of those objections pertained to the form of the question: burdensome, vagueness, and overbreadth. The burden for demonstrating a request is overly broad or unduly burdensome rests with the objecting party. *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12 (D.D.C. 2008). Defendants cannot meet this burden as nothing requested by Plaintiff is vague, overly broad, or unduly burdensome.

"In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden. *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296; Fed. R. Civ. P. 34(b)(2)(C). Merely characterizing a discovery request as "overly broad, burdensome, oppressive and irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. M*omah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D.Pa.1996) (*quoting Josephs*, 677 F.2d at 992). The mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request. *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y.1996). Similarly, an objecting party must specify which part of a request is overbroad, and why."

4

*quoting Cappetta v. GC Servs. Ltd. P'ship*, No. CIV. A. 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008).

Defendants have objected to Interrogatory ("ROG") Nos. 1, 2,5, 6, 7, 8, 9, 12, 14, and16, and Request for Production ("RFD") Nos. 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, and 21, as unduly burdensome or overbroad. For example, Request No 3. sought documents showing payments and/or wages made by Defendants to their employees. Rather than identifying or providing documents, responsive to the request, Defendant objected to the request of overbroad and did not produce any responsive documents such as payroll records. Defendants did not provide any affidavit, or any other evidence, as to why any particular request was burdensome. Rather, in response to requests for production of documents Defendants responded that Plaintiff "may schedule a time to inspect specific documents at Defendants' business." See RFD No. 3. The irony of the inconsistency of the objection and response are apparent. Furthermore, as detailed herein, such response is neither sufficient nor responsive to the Request.

Defendants also repeatedly objected to requests on the basis that the information sought is irrelevant. *See* Exhibit B, ROG Nos. 2, 4, 5, and 14; Exhibit B, RFD Nos. 2, 3, 4, 5,6, 9, 12, 16 , 18, 19, and 21. Defendants argues that these requests are not reasonably calculated to lead to relevant evidence and irrelevant to the time period.  Each of Plaintiff's requests are unquestionably related to the claims and defenses raised in this lawsuit and, thus, fall squarely within the scope of the discovery permitted under Rule 26(b)(1).

Federal Rule of Civil Procedure 26 governs the scope of discovery stating that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1);

*see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Folding Carton Antitrust Litig.,* 83 F.R.D. 251, 254 (N.D.Ill.1978). The burden is on the party resisting production to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant." *Roesberg v. Johm-Manville Corp.*, 85 F.R.D. 292, 296 (E.D.Pa.1980).

Here, contrary to their arguments otherwise, Defendants relevance objections are not specific. *See* Exhibit B, ROG Nos. 2, 4, 5, and 14; Exhibit B, RFD Nos. 5, 6, 8, 11, 16, and 19. For a relevance objection to be adequate, it must "'explain enough and [be] specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.'" *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 624–25 (D.S.C. 2017) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) (finding abuse of discretion where magistrate judge granted protective order based on improper objections to discovery requests)). "General objections are not useful to the court ruling on a discovery motion," and a bare objection does not meet the standard for a successful objection. *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C.1984). Here, in some instances, Defendants objected to relevancy on the basis of the "time period" despite the fact that the definition for time period is set forth within Plaintiff's discovery requests. Specifically, Plaintiff defines the "relevant time period" to mean "from October 6, 2015 through the present." *See* Exhibit A, at 2. As such, Defendants' objections to relevance objections should be overruled.

Lastly, Defendants have objected to some requests as being privileged on the basis of attorney-client privilege and/or on the basis of the request seeking trial preparation material, presumably relying upon Fed R. Civ. P. 26(b)(5). *See* Exhibit B, ROG Nos. 10 and 12; Exhibit

B, RFD Nos. 3, 5, 12, and 21.  However, the extent to which any communication or document is privileged must be determined on an individual case-by-case basis and cannot be based on a blanket assertion by the party claiming the privilege. The burden is on the party claiming the privilege to present the underlying circumstances or facts demonstrating the existence of the privilege to the court. *Id*.; *see also Cappetta v. GC Services Ltd. Partnership*, 2008 WL 5377934 *4 (E.D.Va. 2008) (citing *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y.1996))

      Defendants have failed to identify any documents for which they are claiming privilege and have not produced a privilege log. Moreover, Defendants have failed to show that the underlying circumstances or facts demonstrate the existence of any privilege. Similarly, Defendants have not identified the nature of the allegedly privileged documents in a manner that will enable Plaintiff, or the Court, to assess the applicability of the privilege. Therefore, the Defendants should be compelled to identify each document for which they are claiming a privilege, identify the privilege and the basis for the privilege, and provide sufficient information so that the applicability of the claimed privilege can be evaluated in each specific instance in which it is claimed.

      Given Defendants' failure to make credible objections, Defendants must be ordered to provide full and complete responses to each request at issue. Accordingly, Plaintiff asks that the Court overrule Defendants' objections and compel responses to the discovery requests.

### B. Defendants' Answers to Plaintiff's Interrogatories are Insufficient

In accordance with Local Civil Rule 7(A), the interrogatories at issue, Defendants' response or objection to said interrogatories and Plaintiff's asserted basis for the insufficiency of the response or objection are set forth below[1]:

**Interrogatory No. 4**: Detail, including your methods of calculations, how the overtime pay for each employee complies with the FLSA during the relevant time period.

Response:
OBJECTION: Defendants object as to the irrelevant portions of "relevant time period", and objections to the call for a legal conclusion as to "complies with the FLSA" and "overtime pay".

ANSWER: The individuals who were independent contractors were paid pursuant to their agreed upon contracts and were not entitled to overtime pay. Employees were paid overtime where earned. Some employees (and independent contractors) were paid in one payment for several weeks of work, for which the DOL's investigators declined to review actual timesheets of employees and independent contractors. Defendants reassert the objections asking for legal conclusions.

Insufficiency: Defendants failed to provide a responsive answer to the Interrogatory. The Defendants have not provided the employees contracts in their production. As such, it is unclear how Defendants calculated overtime compensation for employees. Further the answer is contradictory. Further, the Defendant first state that the independent contractors were not entitled to overtime, but in the next sentence states that the independent contractors received a payment for several weeks. The sentences contradict each other. Moreover, Defendants have not detailed how its practice of overtime complies with the FLSA. The Defendants' methodology of computing overtime and how those calculations complied with the Fair Labor Standards Act is unquestionably relevant to the matter at bar and also is responsive to Federal Rules of Civil Procedure 26(a)(iii).

Moreover, the objection as to the timeframe of the Interrogatory is without justification. The Secretary has every right to determine whether the violations identified in the course of its investigation, and set forth in the Amended Complaint, are continuing violations. Such information goes to the amount of back wages owed to employees. Moreover, Plaintiff's Amended Complaint contains the express language that, "Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 9, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Amended Complaint." (ECF No.

---

[1] See *supra* discussion regarding the improper objections asserted in response to the Interrogatories.

8

12, at 5, ¶ (2)). Accordingly, Defendants' unilateral limitation as to the temporal scope of this request was wholly inappropriate.

**Interrogatory No. 5**: Provide the name, job title, supervisor, work address, last known address, last known telephone number, and last known email address of all Defendant At Home Personal Care's employees (as defined herein) from October 6, 2015 through the present.

Response**:**
>    OBJECTION: Defendants object to the irrelevant time periods in the "relevant time period" and the overbroad request lacking context of the Schedule A individuals.
>
>    ANSWER: Defendants object to the request as overbroad as noted above. Defendants do not know all contact and job information of individuals no longer with At Home Personal Care.

Insufficiency**:** Defendants failed to produce the name, job title, supervisor, work address, last known address, last known telephone number, and last known email address for any of the employees at issue. Upon information and belief, such information is readily available to the Defendants.

Rather, Defendants have relied on the wholly inappropriate objection of overbreadth and relevancy. In asserting their relevance argument, Defendants ignored Plaintiff's definition of "relevant time period" set forth in the Plaintiff's First Set of Interrogatories. "Relevant time period" was defined to be "October 6, 2015 through the present." (Exhibit A, pg.2, Interrogatories). The information sought in this Interrogatory is unquestionably relevant because the crux of this case concerns Defendants' misclassification of employees as independent contractors during the specified time period.  As to the overbreadth objection, there is no basis to argue that a request seeking contact information for the individuals for whom Plaintiff is seeking back wages is overbroad – especially since this, presumably, is information within Defendants' possession, custody and control.

**Interrogatory No. 8**: Identify the individual(s) responsible for assigning work, scheduling work, and/or supervising the work of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint during the relevant time period. For each individual, provide their name, the name of their employer, job title, work address, work telephone number, last known home address, last known home telephone number, last known mobile telephone number, last known personal email address, and the name of the individual listed in the Schedule A attached to Plaintiff's Amended Complaint for whom he or she is responsible for assigning work, scheduling work, and/or supervising.

Response**:**
>    OBJECTION: Defendants object as to the overbroad nature of the question beyond At Home Personal Care's purview, and the number of subparts in excess of the number of allowable Interrogatories.

9

>ANSWER: Robin Wright and Elizabeth Mendez work with patients/clients, Medicaid, and employees and independent contractors to schedule work. Patients and Medicaid largely set schedules.

Insufficiency**:** Defendants failed to fully respond to this Interrogatory. First, Defendants failed to identify which of the above-listed coordinators assigned, scheduled and/or supervised the work of the specific individuals identified in Schedule A attached to Plaintiff's Amended Complaint. In other words, it is not clear which of the above-listed coordinators supervised which of the employees listed in the Schedule A. As the crux of this case concerns Defendants' misclassification of employees as independent contractors, Defendants' decision to provide information regarding Defendants' supervision of the employees at issue is highly prejudicial to Plaintiff.

**Interrogatory No. 15**: State the annual gross revenue for At Home Personal Care for the years 2015, 2016, and 2017.

Response**:**
>ANSWER: The annual gross revenue is over $500,000 for each of those years, such response to be supplemented.
>
>ANSWER- SUPPLEMENT: DOL has in its possession the gross revenue for 2015, DOL 135. The annual gross revenue is over $500,000 for each of those years, such response to be supplemented.

Insufficiency**:** Defendants have not specified their revenue for year 2016 and 2017 as requested. This information is unquestionably relevant to the case at bar as an employer's annual gross revenue is a factor determining coverage under the Fair Labor Standards Act.  *See* 29 U.S.C. § 203(s).

Lastly, Defendants have failed to comply with Rule 33 of the Federal Rules of Civil Procedure, which requires each interrogatory to be answered under oath and signed by the party. Fed. R. Civ. P. 33(b)(1)-(2). Defendants' use of typewritten names followed by "/s" on an affidavit fails to fulfill this requirement.

Plaintiff, therefore, requests that this Court overrule Defendants' objections and compel Defendants to answer in full all interrogatories, within seven days of any order granting this Motion.

### C. Defendants' Production Fails to Meet the Requirements of Fed. R. Civ. P. 34

Plaintiff's response to Defendants' Request for Production of Documents fails to comply with the applicable discovery rules. The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed.

Defendants produced the more than 3,000 pages included in their production without organizing, labelling or sorting the documents in a way that would allow the Secretary to ascertain which documents were responsive to which Requests. In the alternative, Defendants could have listed the bates numbers for responsive documents in their written discovery responses – Defendants, however, failed to take this step, as well.

Fed. R. Civ. P. 34 requires documents to be organized and labeled to correspond to the categories in the request. Specifically, the Rule requires: "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Defendants failed to comply with this requirement. While the more than 3,000 pages of Defendants' production are bates-stamped, it is unclear what documents are responsive to what Requests. Plaintiff requested that Defendants identify which documents are responsive to each individual Request during the meet and confer, but to no avail. As such, Defendants have provided non-responsive answers to all Requests.

Even if Defendants' production is determined to be compliant with Fed. R. Civ. P. 34, Defendants' responses to Plaintiff's First Request for Production of Documents are similarly problematic to their answers to Plaintiff's interrogatories. The central purpose of the discovery rules is to ensure that all parties answering requests furnish all discoverable information that is available through all reasonable efforts. Here, Defendants have failed to provide documents responsive to Plaintiff's Requests for Production of Documents.

Defendants' responses to RFD No. 2, 3, 4, and 15, failed to provide responsive information. Categorically, these requests pertain to payroll-related information and Defendants' compensation practices. Plaintiffs are entitled to the discovery of the payroll information, including records and reports, and information related to hours worked, weekly pay, job position, job description, and job duties. Indeed, such documents are directly related to Plaintiff's claims against Defendants regarding their payment of straight time for overtime hours worked, and would show Defendants' common policy and practice of failing to pay overtime to non-exempt workers. Furthermore, such information are relevant to Plaintiff's claim that the employees were subject to the overtime provisions of the FLSA or instead, as Defendants argues, fell within the Act's exemptions. Upon information and belief, Defendants have documents that are fully responsive to each of these requests, but Defendants have declined to produce such documents, instead relying upon meritless objections.

Additionally, Plaintiff's RFD Nos. 5, 6, 9, 12, and 20 seek relevant, discoverable information relating to Plaintiff's claims and Defendants' affirmative defenses, and specifically their defense that the employees listed in Schedule A are exempt from FLSA overtime requirements. The crux of this case concerns Defendants' misclassification of employees as independent contractors. As such, Plaintiff is entitled to information related to how the employer classified individuals, the organizational structure of the entity, employee job descriptions and duties, and information relayed to the employees regarding their relationship with Defendants. Such information are highly relevant to the claims in this case. Defendants have failed to provide any documents responsive to these Requests. Further, upon information and belief, Defendants have documents that are fully responsive to each of these requests.

Plaintiff's RFD Nos. 16 and 17 seek documents Defendants rely upon when asserting that they have not violated the aforementioned overtime requirements of the FLSA. Such requests fairly and appropriately demand that Defendants produce all documents relied upon in raising their defenses. If Defendants assert they had a good faith basis in believing their independent contractor program for home aides complied with the Act, they must disclose all documents they reviewed, relied upon, or received regarding their decision to claim that home aides working for Defendants were properly characterized as independent contractors.

Defendants also provided non-responsive or evasive responses to RFD Nos. 18 and 19. These requests seek tax information from Defendants. Such information is relevant to the case at bar and necessary to establish FLSA coverage. Defendants denied facts related to FLSA coverage in their Answer to the Amended Complaint. *See* ECF No. 20, paragraph 5. As such, any objection that the information sought is not relevant is meritless. *See* 29 U.S.C. § 203(s). Further, such records relate directly to Defendants' recordkeeping with respect AHP'S profits that were generated by employees or as claimed by Defendants, as "independent contractors." As such, these documents are material as to whether the individuals working for Defendants had an opportunity to earn a "profit" and share in the risk and rewards of working on Defendants' assignment, or whether such individuals' relationship with Defendants should properly be characterized as an employer/employee relationship (i.e., where the opportunity for profit or loss rests solely with the employer as the employee's compensation is based solely on hours worked on behalf of the Defendants).

Defendants' response to Plaintiff's Request for Production of Documents fails to comply with the applicable discovery rules. Accordingly, Plaintiff requests that the Court order Defendants to produce all documents responsive to Plaintiff's requests.

### III.     CONCLUSION

For these reasons, Plaintiff respectfully submits that the Court should grant Plaintiff's Motion to Overrule Objections and Compel Discovery Responses.

Respectfully Submitted,

Post Office Address

U.S. Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
Phone: 202.693.9393
Fax: 202.693.9392

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah Williams
Wage and Hour Counsel

_____/s/ Ryma Lewis_____
Ryma Lewis
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
VA Bar No.: 83322
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date:  December 28, 2018

14