## IN THE UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | |
| Plaintiff, | Civil No.: 1:18-cv-549 (LMB/IDD) |
| v. | |
| AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually, | |
| Defendants. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, by the undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests Defendants At Home Personal Care Services, LLC and Robin Wright respond to the following interrogatories fully, in writing, under oath, and serve a copy of their answers thereto on the undersigned within thirty (30) days after these interrogatories are served at the U.S. Department of Labor, Office of the Solicitor, 201 12th Street South, Suite 401, Arlington, VA 22202-5450. Pursuant to Eastern District of Virginia Local Civil Rule 26(C), Defendants must serve Plaintiff with their objections to these interrogatories within fifteen (15) days of service of these interrogatories.

## DEFINITIONS

As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

(A)     As used herein "Defendants" and "At Home Personal Care," shall mean At Home Personal Care Services, LLC, Inc., Robin Wright, or any representative, agent, employee, attorney, expert, investigator, or consultant of Defendants or other person acting on behalf of Defendants.

(B)     As used herein, "employees" is meant to refer to the individuals listed in the Schedule A attached to the Amended Complaint, and any other individuals whom Defendant At Home Personal Care employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between October 6, 2015 and present.

(C)     As used herein, "relevant time period" means from October 6, 2015 through the present.

(D)      "Document" includes any writing or recording of any type or description -- including, but not limited to, all draft and final memoranda, printed, typed or other graphic matter of any kind or nature and all mechanical or electronic sound recordings or transcripts thereof, and any magnetic media including computer tapes, discs and hard drives, in the possession or control of the defendants or known by Defendants to exist, and shall also mean all copies of documents by whatever means made, including, but not limited to, papers, letters, correspondence, telegrams, interoffice communications, memoranda, notes, notations, notebooks, reports, records, computer printouts, accounting books or records, schedules, receipts, invoices, financial books or records, checks, contracts, agreements, instruments, applications, diaries, minutes of meetings, photographs, drawings or the physical representations and test results and any drafts, revisions, or amendments of the above -- in Defendants' possession, custody or control, or that of its agents, employees, or representatives including, but not limited to, its counsel and all other persons acting or purporting to act on its behalf, or known to

2

defendant wherever located, however produced or reproduced, whether an original or copy, including any non-identical copies (whether different from the original because of any alterations, notes comments, or otherwise), together with any supplements or attachments thereto or enclosures therewith.

    (E)    The term "identify" shall mean:

        1.    As to an individual stating his or her:

            a.    full and customarily used name:

            b.    present residence address and business address;

            c.    resident address and business address during the relevant time period:

            d.    business or professions during the relevant time period;

            e.    every, office, title or position held during the relevant time period; and

            f.    every employer during the relevant time period, stating the name and present or last known address of each employer.

        2.    As to any person other than an individual, stating:

            a.    its legal name and any other names used by it;

            b.    the form or manner of organization; and

            c.    the state of its incorporation and the address of its principal place of business.

        3.    As to a document, stating:

            a.    the date of its creation, execution and receipt;

            b.    its author or signatory;

     c.     its addressee and every other recipient or person having knowledge of its contents or whereabouts;

     d.     its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

     e.     the name and the business and home address of the custodian of the document; and

     f.     the present location of the document.

In all instances in which the following interrogatories ask for the identification of documents, copies may be attached to defendant's answers in lieu of identification required in sub-paragraphs 3(a), (d) and (f) hereof.

(F)     "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(G)     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by these requests inclusive rather than exclusive.

## INTERROGATORIES

1.     State and describe, in detail, At Home Personal Care policies, practices, and procedures relating to compensation of employees, overtime and recordkeeping of hours worked by employees.

     ANSWER:

2.     Identify all documents explaining Defendant At Home Personal Care, policies, practices and/or procedures relating to compensation of employees, overtime, prepaid overtime,

and recordkeeping of hours worked by employees, and state the time period when the policies,

practices and/or procedures described in the document were in effect.

ANSWER:

3.    Describe in detail the nature of the employment or business relationship between

Defendants and employees (as defined herein) from  October 6, 2015 through at least October 1,

2017,  including whether each was employed or contracted to perform services for you

(including the terms and conditions of such employment or contract).

ANSWER:

4.    Detail, including your methods of calculations, how the overtime pay for each

employee complies with the FLSA during the relevant time period.

ANSWER:

5.    Provide the name, job title, supervisor, work address, last known address, last

known telephone number, and last known email address of all Defendant At Home Personal

Care's employees (as defined herein) from October 6, 2015 through the present.

ANSWER:

6.    Provide the name, job title, supervisor, work address, last known address, last

known telephone number, and last known email address of all individuals  identified on Schedule

A attached to Plaintiff's Amended Complaint.

ANSWER:

7.      Prior to learning of the U.S. Department of Labor's investigation relating to this matter, did Defendants ever take any steps to determine whether their policy relating to compensation of employees, overtime and/or prepaid overtime complied with the Fair Labor Standards Act?  If your answer is yes, describe in detail all actions taken to determine whether the policy was in compliance, identify all persons who were consulted regarding whether the policy was in compliance, and the date of all such actions.

ANSWER:

8.      Identify the individual(s) responsible for assigning work, scheduling work, and/or supervising the work of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint during the relevant time period.  For each individual, provide their name, the name of their employer, job title, work address, work telephone number, last known home address, last known home telephone number, last known mobile telephone number, last known personal email address, and the name of the individual listed in the Schedule A attached to Plaintiff's Amended Complaint for whom he or she is responsible for assigning work, scheduling work, and/or supervising.

ANSWER:

9.      Identify all persons who have knowledge relating to the various subject matters, averments, claims or defenses of this lawsuit, describing generally the knowledge possessed or claimed to be possessed by each such individual.

ANSWER:


10.     With respect to each individual whom Defendants intend on calling as a witness at the trial of this cause, please state the following:

   a.   The name of such person;

   b.   The address and telephone number of such person;

   c.   A summary of the testimony expected to be elicited from such person; and

   d.   Each document or other item of evidence you expect to prove through such witness.

   ANSWER:


11.     If you intend to call any witness as an expert in this matter, state the following for each such expert:

   a.   the citation(s) and/or order(s) with regard to which the expert will testify;

   b.   the subject matter about which such expert is expected to testify;

   c.   a complete statement of all the facts and opinions to which such expert is expected to testify;

   d.   the data or other information considered by the expert in forming his or her opinions;

   e.   the grounds for each opinion to which each expert is expected to testify;

   f.    the identity of any reports or other documents prepared by the expert that are relevant to each citation and/or order with regard to which the expert will testify; and

   g.   the expert's *curriculum vitae* and qualifications to render expert testimony in this proceeding.

   ANSWER:

12.     Describe separately and in detail (identifying where applicable, any and all documents used in answering this inquiry or which relate to or provide support for such affirmative defense) each and every factual basis you rely upon in support of any contention and/or statement contained in any of Defendants' affirmative defenses or denials.

ANSWER:

13.     Identify all individuals and other entities with an ownership interest in At Home Personal Care during the relevant time period.  For each individual or entity identified, identify the percentage of the ownership interest and the dates during which the interest was held.

ANSWER:

14.     Identify all management employees of At Home Personal Care who have knowledge of or were involved in decisions concerning At Home Personal Care's compensation policies, including but not limited to all employees (as defined herein) with knowledge of or involvement in the decision to prepay overtime compensation to employees and the decision to take a straight-time credit against prepaid overtime paid to employees when compensating employees for hours worked over 40 in a workweek.

ANSWER:

15.     State the annual gross revenue for At Home Personal Care for the years 2015, 2016, and 2017.

ANSWER:

16.    If you deny any of the Plaintiff's First Set of Requests for Admissions, in whole or in part, for each denial, identify the specific Request for Admission that is denied, state the basis for the denial, identify all persons having first-hand knowledge of any facts supporting the denial, and identify all relevant documents that support the denial.

ANSWER:

Respectfully Submitted,

Post Office Address

U.S. Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
Phone: 202.693.9393
Fax: 202.693.9392

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

_____ /s/ Ryma Lewis_____
Ryma Lewis
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
VA Bar No.: 83322
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date:  August 30, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing Plaintiff's First Set of

Interrogatories was sent by electronic mail this 30th day of August, 2018 to the following:

> Seth James B. Obed
> VA Bar No.: 82482
> Attorney for At Home Personal Care Services LLC and Robin Wright
> Obed Law Group, PLC
> 111 Oronoco Street
> Alexandria, VA 22314
> T: (703)638-8913
> F: (703)894-4940
> E: sobed@obedlaw.com

> _____*/s/ Ryma Lewis*_____
> Ryma Lewis
> Attorney
> Office of the Regional Solicitor
> 201 12th Street South
> Arlington, VA 22202-5450
> VA Bar No.: 83322
> P: (202)693-9369
> F: (202)693-9392
> E: Lewis.Ryma@dol.gov

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | |
| Plaintiff, | Civil No.: 1:18-cv-549 (LMB/IDD) |
| v. | |
| AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually, | |
| Defendants. | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, by the undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests Defendants At Home Personal Care Services, LLC, and Robin Wright to respond to the following request for production of documents in writing and produce for inspection and copying the requested documents at the U.S. Department of Labor, Office of the Solicitor, 201 12th Street South, Suite 401, Arlington, VA 22202-5450, within thirty (30) days of service. Pursuant to Eastern District of Virginia Local Civil Rule 26(C), Defendants must serve Plaintiff with their objections to these requests for production of documents within fifteen (15) days of service of these requests.

## DEFINITIONS

As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

(A)    As used herein "Defendants" and "At Home Personal Care," shall mean At Home Personal Care Services, LLC, Robin Wright, or any representative, agent, employee, attorney, expert, investigator, or consultant defendants or other person acting on behalf of Defendants.

(B)    As used herein, "employees" is meant to refer to the individuals listed in the Schedule A attached to the Amended Complaint, and any other individuals whom Defendant At Home Personal Care employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between October 6, 2015 and present.

(C)    As used herein, "relevant time period" means from October 6, 2015 through the present.

(D)    "Document" includes any writing or recording of any type or description -- including, but not limited to, all draft and final memoranda, printed, typed or other graphic matter of any kind or nature and all mechanical or electronic sound recordings or transcripts thereof, and any magnetic media including computer tapes, discs and hard drives, in the possession or control of the defendants or known by Defendants to exist, and shall also mean all copies of documents by whatever means made, including, but not limited to, papers, letters, correspondence, telegrams, interoffice communications, memoranda, notes, notations, notebooks, reports, records, computer printouts, accounting books or records, schedules, receipts, invoices, financial books or records, checks, contracts, agreements, instruments, applications, diaries, minutes of meetings, photographs, drawings or the physical representations and test

2

results and any drafts, revisions, or amendments of the above -- in Defendants' possession, custody or control, or that of its agents, employees, or representatives including, but not limited to, its counsel and all other persons acting or purporting to act on its behalf, or known to defendant wherever located, however produced or reproduced, whether an original or copy, including any non-identical copies (whether different from the original because of any alterations, notes comments, or otherwise), together with any supplements or attachments thereto or enclosures therewith.

(F)    "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(G)    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

## **REQUESTED DOCUMENTS**

1.    All documents identified in response to Plaintiff's First Set of Interrogatories and/or relied upon to answer same.

RESPONSE:

2.    All documents showing the hours worked, during the relevant time period, by Defendants' employees (as defined herein), including but not limited to time records, payroll records, employee lists, employee schedules, and/or work schedules.

RESPONSE:

3.    All documents showing payments and/or wages made by Defendants to their employees (as defined herein) during the relevant time period, including but not limited to

accounting sheets, tax records, bookkeeping records, social security records, payroll records, expense ledgers, banking records and/or canceled checks.

RESPONSE:


4.      All policy memoranda, notices to employees, memos to employees (as defined herein), handbooks, signed agreements, posted signs or any other documents that set forth At Home Care pay policies concerning, including but not limited to policies concerning compensation and overtime during the relevant time period.

RESPONSE:


5.      All documents, correspondence, emails, and written guidance in the possession of At Home Care and/or Robin Wright, regarding the plan(s) or strategies to obtain the work of employees (as defined herein) who would be, or are characterized by, or claimed by At Home Care as independent contractors for purposes of compensation, including any analysis of cost savings, changes in tax liability, or profitability analysis during the relevant time period.

RESPONSE:


6.      All documents regarding At Home Care's efforts or actions to advertise, recruit, and contract, employees (as defined herein) who have worked for At Home Care and have been paid as independent contractors during the relevant time period.

RESPONSE:


7.      All documents, including but not limited to contracts and invoices, related to any agreements or business relationships between At Home Care and any third party (covering any part of the last three calendar years) regarding (a) staffing services, and/or (b) At Home Care employees (as defined herein) providing various services.

RESPONSE:

4

8.    All documents which contain information upon which Defendants relied when asserting their Answer to Plaintiff's Amended Complaint.

RESPONSE:


9.    All documents which set forth a job description for all the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

RESPONSE:


10.    All documents describing any specific work performed by Defendants' employees (as defined herein) during the relevant time period, including but not limited to job descriptions, contracts, and performance reviews.

RESPONSE:


11.    All documents that refer or relate to the instructions, policies, procedures, or guidelines that any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint was required or recommended to follow in performing any job task, assignment, duty, or function during the relevant period.

RESPONSE:


12.    All documents that refer or relate to the training of any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint in the performance of his or her work, whether live, by computer, or other means; including curricula, syllabi, training materials, handouts, overhead transparencies or their equivalent, instructors' materials, handouts, tests and answer keys, and videos; including internally produced documents and documents produced by third parties, for use by any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint during the relevant period.

5

RESPONSE:

13.     All manuals, handbooks, memoranda, or other documentation provided by At Home Care to any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

RESPONSE:

14.     All agreements pertaining to any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

RESPONSE:

15.     All documents relating to Defendants' compensation policy or pay structure, including, but not limited to, compensation agreements and other documents relating to commissions, bonuses, or fees during the relevant time period.

RESPONSE:

16.     Any and all documents demonstrating current compliance with the Fair Labor Standards Act of 1938, as amended.

RESPONSE:

17.     Any and all documents demonstrating Defendants took steps to determine whether their policy relating to compensation of employees, overtime and/or prepaid overtime complied with the Fair Labor Standards Act from at least October 6, 2015 to October 1, 2017.

RESPONSE:

18.     At Home Care's copies of all state and Federal income tax returns for the last 3 calendar including but not limited to all schedules, attachments, 1096, W-2s, 1099, 1099-MISC,

1065, 1120, and K-1, forms. In the event that you do not have tax returns prepared for any one of those years, you are provide copies of all documentation which you intend to use in preparation for filing any such return not previously filed.

RESPONSE:


19.     Robin Wright copies of all state and Federal income tax returns for the last 3 calendar including but not limited to all schedules, attachments, 1096, W-2s, 1099, 1099-MISC, 1065, 1120, and K-1, forms. In the event that you do not have tax returns prepared for any one of those years, you are provide copies of all documentation which you intend to use in preparation for filing any such return not previously filed.

RESPONSE:


20.     All documents concerning, evidencing or related to the corporate structure or organization of At Home Care during the relevant time period.

RESPONSE:


21.     Any and all personnel records related to the individuals listed in Schedule A to Plaintiff's Amended Complaint.

RESPONSE:

Respectfully Submitted,

Post Office Address

U.S. Department of Labor
201 12th Street South, Suite 401
Arlington, VA 22202
Phone: 202.693.9393
Fax: 202.693.9392

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

_____/s/ Ryma Lewis_____
Ryma Lewis
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
VA Bar No.: 83322
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov


U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date: August 30, 2018

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that true and correct copies of the foregoing Plaintiff's First Request for

Production of Documents was sent by electronic mail this 30th day of August, 2018 to the

following:

        Seth James B. Obed
        VA Bar No.: 82482
        Attorney for At Home Personal Care Services LLC and Robin Wright
        Obed Law Group, PLC
        111 Oronoco Street
        Alexandria, VA 22314
        T: (703)638-8913
        F: (703)894-4940
        E: sobed@obedlaw.com

                                          _____/s/ Ryma Lewis_____
                                          Ryma Lewis
                                          Attorney
                                          Office of the Regional Solicitor
                                          201 12th Street South
                                          Arlington, VA 22202-5450
                                          VA Bar No.: 83322
                                          P: (202)693-9369
                                          F: (202)693-9392
                                          E: Lewis.Ryma@dol.gov

9