IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>    Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants AT HOME PERSONAL CARE SERVICES, LLC, "At Home Personal Care", and ROBIN WRIGHT, by and through Counsel, object to the Interrogatories of Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, by the undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 26(C) as follows, while retaining objections to attorney-client privilege and trial preparation:

### PLAINTIFF'S DEFINITIONS

As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

(A)   As used herein "Defendants" and "At Home Personal Care," shall mean At Home Personal Care Services, LLC, Inc., Robin Wright, or any representative, agent, employee, attorney, expert, investigator, or consultant of Defendants or other person acting on behalf of Defendants.

(B)   As used herein, "employees" is meant to refer to the individuals listed in the

1

Schedule A attached to the Amended Complaint, and any other individuals whom Defendant At Home Personal Care employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between October 6, 2015 and present.

(C) As used herein, "relevant time period" means from October 6, 2015 through the present.

(D) "Document" includes any writing or recording of any type or description -- including, but not limited to, all draft and final memoranda, printed, typed or other graphic matter of any kind or nature and all mechanical or electronic sound recordings or transcripts thereof, and any magnetic media including computer tapes, discs and hard drives, in the possession or control of the defendants or known by Defendants to exist, and shall also mean all copies of documents by whatever means made, including, but not limited to, papers, letters, correspondence, telegrams, interoffice communications, memoranda, notes, notations, notebooks, reports, records, computer printouts, accounting books or records, schedules, receipts, invoices, financial books or records, checks, contracts, agreements, instruments, applications, diaries, minutes of meetings, photographs, drawings or the physical representations and test results and any drafts, revisions, or amendments of the above -- in Defendants' possession, custody or control, or that of its agents, employees, or representatives including, but not limited to, its counsel and all other persons acting or purporting to act on its behalf, or known to defendant wherever located, however produced or reproduced, whether an original or copy, including any non-identical copies (whether different from the original because of any alterations, notes comments, or otherwise), together with any supplements or attachments thereto or enclosures therewith.

(E) The term "identify" shall mean:

    1. As to an individual stating his or her:

    a.    full and customarily used name:

    b.    present residence address and business address;

    c.    resident address and business address during the relevant time period:

    d.    business or professions during the relevant time period;

    e.    every, office, title or position held during the relevant time period; and

    f.    every employer during the relevant time period, stating the name and present or last known address of each employer.

2. As to any person other than an individual, stating:

    a.    its legal name and any other names used by it;

    b.    the form or manner of organization; and

    c.    the state of its incorporation and the address of its principal place of business.

3. As to a document, stating:

    a.    the date of its creation, execution and receipt;

    b.    its author or signatory;

    c.    its addressee and every other recipient or person having knowledge of its contents or whereabouts;

    d.    its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

    e.    the name and the business and home address of the custodian of the document; and

    f.    the present location of the document.

In all instances in which the following interrogatories ask for the identification of documents, copies may be attached to defendant's answers in lieu of identification required in sub-paragraphs 3(a), (d) and (f) hereof.

(F) "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(G) The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by these requests inclusive rather than exclusive.

OBJECTIONS TO DEFINITIONS: Defendants object to the term "employees" referencing all individuals, even so far as a term of art, as such term tends to confuse and obfuscate the legal conclusion as to employee or independent contractor in this matter and so make a standing objection to its use throughout.
Defendants further object to the above-referenced definitions and instructions section to the extent said sections exceed what is required under the Federal Rules of Civil Procedure. Defendants also object to such definitions requiring subparts to answers above and beyond the allowable number of interrogatories.

## INTERROGATORIES

1. State and describe, in detail, At Home Personal Care policies, practices, and procedures relating to compensation of employees, overtime and recordkeeping of hours worked by employees.

> OBJECTION: Defendants object as to vague and legal conclusion of "employees", and the overbroad nature of the request for every policy, practice, and procedure related to compensation, overtime, and recordkeeping not limited in time or context.

> ANSWER:

2. Identify all documents explaining Defendant At Home Personal Care, policies, practices and/or procedures relating to compensation of employees, overtime, prepaid overtime,

and recordkeeping of hours worked by employees, and state the time period when the policies, practices and/or procedures described in the document were in effect.

OBJECTION: The request to identify "all documents" is overbroad and unduly burdensome and not confined to relevant context or time period.

    ANSWER:


3.    Describe in detail the nature of the employment or business relationship between Defendants and employees (as defined herein) from October 6, 2015 through at least October 1, 2017, including whether each was employed or contracted to perform services for you (including the terms and conditions of such employment or contract).

    OBJECTION: Defendants object as to the vague reference to "nature of the employment or business relationship", the term "employees" as confusing, and the Interrogatory insofar as its subparts exceed the number of allowable Interrogatories.

    ANSWER:


4.    Detail, including your methods of calculations, how the overtime pay for each employee complies with the FLSA during the relevant time period.

    OBJECTION: Defendants object as to the irrelevant portions of "relevant time period", and objections to the call for a legal conclusion as to "complies with the FLSA" and "overtime pay".

    ANSWER:


5.    Provide the name, job title, supervisor, work address, last known address, last known telephone number, and last known email address of all Defendant At Home Personal Care's employees (as defined herein) from October 6, 2015 through the present.

    OBJECTION: Defendants object to the irrelevant time periods in the "relevant time

period" and the overbroad request lacking context of the Schedule A individuals.

ANSWER:


6. Provide the name, job title, supervisor, work address, last known address, last known telephone number, and last known email address of all individuals identified on Schedule A attached to Plaintiff's Amended Complaint.

> OBJECTION: Defendants object to the portions of the request already in Plaintiff's possession, and the overbroad nature of "supervisor" and personal information of the referenced individuals.

ANSWER:


7. Prior to learning of the U.S. Department of Labor's investigation relating to this matter, did Defendants ever take any steps to determine whether their policy relating to compensation of employees, overtime and/or prepaid overtime complied with the Fair Labor Standards Act? If your answer is yes, describe in detail all actions taken to determine whether the policy was in compliance, identify all persons who were consulted regarding whether the policy was in compliance, and the date of all such actions.

> OBJECTION: Defendants object that the question calls for a legal conclusion as to "complied with the Fair Labor Standards Act" and is overbroad as to what sections of the act and is confusing regarding "employees". Defendants object as to the characterization of Defendant Robin Wright as having personally any policy related to individuals working in connection with At Home Personal Care and object to such assumption of legal conclusion.

ANSWER:

8. Identify the individual(s) responsible for assigning work, scheduling work, and/or supervising the work of the individuals listed in Schedule A attached to Plaintiff's

Amended Complaint during the relevant time period. For each individual, provide their name, the name of their employer, job title, work address, work telephone number, last known home address, last known home telephone number, last known mobile telephone number, last known personal email address, and the name of the individual listed in the Schedule A attached to Plaintiff's Amended Complaint for whom he or she is responsible for assigning work, scheduling work, and/or supervising.

>OBJECTION: Defendants object as to the overbroad nature of the question beyond At Home Personal Care's purview, and the number of subparts in excess of the number of allowable Interrogatories.

>ANSWER:

9. Identify all persons who have knowledge relating to the various subject matters, averments, claims or defenses of this lawsuit, describing generally the knowledge possessed or claimed to be possessed by each such individual.

>OBJECTION: Defendants object to the Interrogatory as overbroad and speculative as to Plaintiff's own knowledge of its averments and claims and speculative as to Defendants' knowledge of other individuals' purported knowledge.

>ANSWER:

10. With respect to each individual whom Defendants intend on calling as a witness at the trial of this cause, please state the following:

   a. The name of such person;
   b. The address and telephone number of such person;
   c. A summary of the testimony expected to be elicited from such person; and
   d. Each document or other item of evidence you expect to prove through such witness.

   >OBJECTION: Defendants object to the subparts in excess of the allowable number

of Interrogatories and object to the privileged nature of that part of the answer being trial preparation.

ANSWER:

11. If you intend to call any witness as an expert in this matter, state the following for each such expert:

    a. the citation(s) and/or order(s) with regard to which the expert will testify;

    b. the subject matter about which such expert is expected to testify;

    c. a complete statement of all the facts and opinions to which such expert is expected to testify;

    d. the data or other information considered by the expert in forming his or her opinions;

    e. the grounds for each opinion to which each expert is expected to testify;

    f. the identity of any reports or other documents prepared by the expert that are relevant to each citation and/or order with regard to which the expert will testify; and

    g. the expert's *curriculum vitae* and qualifications to render expert testimony in this proceeding.

OBJECTION: Defendants object to any request to provide a "complete statement" during discovery.
ANSWER:

12. Describe separately and in detail (identifying where applicable, any and all documents used in answering this inquiry or which relate to or provide support for such affirmative defense) each and every factual basis you rely upon in support of any contention and/or statement contained in any of Defendants' affirmative defenses or denials.

>OBJECTION: Defendants object to such answers violative of attorney-client privilege and the request for legal conclusions and the overbroad nature of the Interrogatory. Defendants also object to the number of subparts in excess of the allowable Interrogatories herein.

>ANSWER:

13. Identify all individuals and other entities with an ownership interest in At Home Personal Care during the relevant time period. For each individual or entity identified, identify the percentage of the ownership interest and the dates during which the interest was held.

>ANSWER:

14. Identify all management employees of At Home Personal Care who have knowledge of or were involved in decisions concerning At Home Personal Care's compensation policies, including but not limited to all employees (as defined herein) with knowledge of or involvement in the decision to prepay overtime compensation to employees and the decision to take a straight-time credit against prepaid overtime paid to employees when compensating employees for hours worked over 40 in a workweek.

>OBJECTION: Defendants object to the Interrogatory as overbroad, irrelevant, and unduly burdensome without being tailored to the context of the lawsuit. Defendants also object to the Interrogatory for calling for legal conclusions and for assuming mischaracterizations of fact.

>ANSWER:

15. State the annual gross revenue for At Home Personal Care for the years 2015, 2016, and 2017.

>ANSWER:

16. If you deny any of the Plaintiff's First Set of Requests for Admissions, in

whole or in part, for each denial, identify the specific Request for Admission that is denied, state the basis for the denial, identify all persons having first-hand knowledge of any facts supporting the denial, and identify all relevant documents that support the denial.

    OBJECTION: Defendants object to the overbroad nature of the Interrogatory and the number of subparts in excess of the number of allowable Interrogatories herein.

    ANSWER:

DATED: September 14, 2018            Respectfully Submitted,

                                                 AT HOME PERSONAL CARE SERVICES, LLC
                                                 and ROBIN WRIGHT, Defendants

                                                 _____/s/_____
                                                 SETH JAMES B. OBED, VSB #82482
                                                 Obed Law Group, PLC
                                                 111 Oronoco Street
                                                 Alexandria, VA 22314
                                                 [T] (703) 638-8913; [F](703)894-4940
                                                 sobed@obedlaw.com
                                                 *Attorney for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that true and correct copies of the foregoing Objections to Plaintiff's First Interrogatories was sent by electronic mail this 14th day of September 2018 to the following:

Ryma Lewis Attorney VA Bar No.: 83322
Office of the Regional Solicitor
201 12th Street South Arlington, VA 22202-5450
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

                                                 _____/s/_____
                                                 SETH JAMES B. OBED, VSB #82482

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>      Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants AT HOME PERSONAL CARE SERVICES, LLC, "At Home Personal Care", and ROBIN WRIGHT, by and through Counsel, object to the Interrogatories of Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, by the undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26(C) as follows, while retaining objections to attorney-client privilege and trial preparation:

### PLAINTIFF'S DEFINITIONS

As used herein, the words and phrases set out below shall have the meaning or meanings prescribed for them:

(A) As used herein "Defendants" and "At Home Personal Care," shall mean At Home Personal Care Services, LLC, Robin Wright, or any representative, agent, employee, attorney, expert, investigator, or consultant defendants or other person acting on behalf of Defendants.

1

(B) As used herein, "employees" is meant to refer to the individuals listed in the Schedule A attached to the Amended Complaint, and any other individuals whom Defendant At Home Personal Care employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between October 6, 2015 and present.

(C) As used herein, "relevant time period" means from October 6, 2015 through the present.

(D) "Document" includes any writing or recording of any type or description -- including, but not limited to, all draft and final memoranda, printed, typed or other graphic matter of any kind or nature and all mechanical or electronic sound recordings or transcripts thereof, and any magnetic media including computer tapes, discs and hard drives, in the possession or control of the defendants or known by Defendants to exist, and shall also mean all copies of documents by whatever means made, including, but not limited to, papers, letters, correspondence, telegrams, interoffice communications, memoranda, notes, notations, notebooks, reports, records, computer printouts, accounting books or records, schedules, receipts, invoices, financial books or records, checks, contracts, agreements, instruments, applications, diaries, minutes of meetings, photographs, drawings or the physical representations and test results and any drafts, revisions, or amendments of the above -- in Defendants' possession, custody or control, or that of its agents, employees, or representatives including, but not limited to, its counsel and all other persons acting or purporting to act on its behalf, or known to defendant wherever located, however produced or reproduced, whether an original or copy, including any non-identical copies (whether different from the original because of any alterations, notes comments, or otherwise), together with any supplements or attachments thereto or enclosures therewith.

2

(F)     "Relate" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(G)     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

**OBJECTION**: Defendants object to such definitions as overbroad, vague, and uncertain where applicable, in addition to the definitions' call for unduly burdensome production of all documents regardless of whether or not Plaintiff has the documents in possession, the documents can be produced by more efficient means. Defendants further object to the above-referenced definitions and instructions section to the extent said sections exceed what is required under the Federal Rules of Civil Procedure. Defendants object to the definitions calling for documents protected by the attorney-client privilege and such documents properly classified as trial preparation.

Defendants object to the term "employees" referencing all individuals, even so far as a term of art, as such term tends to confuse and obfuscate the legal conclusion as to employee or independent contractor in this matter and so make a standing objection to its use throughout.

## REQUESTED DOCUMENTS

1.     All documents identified in response to Plaintiff's First Set of Interrogatories and/or relied upon to answer same.

   OBJECTION: Defendants object to such "all documents" as overbroad.
   RESPONSE:

2.     All documents showing the hours worked, during the relevant time period, by Defendants' employees (as defined herein), including but not limited to time records, payroll

records, employee lists, employee schedules, and/or work schedules.

> OBJECTION: Defendants object to the production of "all documents" not limited in scope or relevancy to the time period of the Amended Complaint.

RESPONSE:

3. All documents showing payments and/or wages made by Defendants to their employees (as defined herein) during the relevant time period, including but not limited to accounting sheets, tax records, bookkeeping records, social security records, payroll records, expense ledgers, banking records and/or canceled checks.

> OBJECTION: Defendants object to the production of "all documents" not limited in scope or relevancy to the time period of the Amended Complaint and its claims therein. Defendants also object to the request as overburdensome with respect to the claims of the Amended Complaint not in issue.
> Defendants object to the mischaracterization of Defendant Robin Wright as an employer, and object to such legal conclusion and any such inference.

RESPONSE:

4. All policy memoranda, notices to employees, memos to employees (as defined herein), handbooks, signed agreements, posted signs or any other documents that set forth At Home Care pay policies concerning, including but not limited to policies concerning compensation and overtime during the relevant time period.

> OBJECTION: Defendants object to such production of documents subject to attorney-client privilege and the overbroad nature of the request as to "all", "pay policies", and the time period irrelevant to this lawsuit.

RESPONSE:

5. All documents, correspondence, emails, and written guidance in the possession of At Home Care and/or Robin Wright, regarding the plan(s) or strategies to obtain the work of employees (as defined herein) who would be, or are characterized by, or claimed by At Home Care as independent contractors for purposes of compensation, including any analysis of cost savings, changes in tax liability, or profitability analysis during the relevant time period.

>OBJECTION: Defendants object to the request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to relevant evidence and to the extent the request calls for documents protected by attorney-client privilege.
>
>RESPONSE:

6. All documents regarding At Home Care's efforts or actions to advertise, recruit, and contract, employees (as defined herein) who have worked for At Home Care and have been paid as independent contractors during the relevant time period.

>OBJECTION: Defendants object to the request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to relevant evidence. Defendants object to the mischaracterization of individuals as employees and the legal conclusion such mischaracterization assumes.
>
>RESPONSE:

7. All documents, including but not limited to contracts and invoices, related to any agreements or business relationships between At Home Care and any third party (covering any part of the last three calendar years) regarding (a) staffing services, and/or (b) At Home Care employees (as defined herein) providing various services.

>OBJECTION: Defendants object to "all documents" as unduly burdensome and not limited in efficient scope or relevant time period or subject matter. Defendants object to the request as it pertains to medically confidential documents of individuals not related to this lawsuit. Defendants object to the vague reference to "staffing services".
>
>RESPONSE:

8. All documents which contain information upon which Defendants relied when asserting their Answer to Plaintiff's Amended Complaint.

>OBJECTION: Defendants object to the request as it calls for attorney-client privileged documents. Defendants object to the request as overbroad for calling for

5

"all documents" which is not limited in relevancy or scope and is therefore unduly burdensome.

RESPONSE:

9.   All documents which set forth a job description for all the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

OBJECTION: Defendants object to the request as vague as to qualifying "all documents" which set forth a job description for each and every individual listed on Schedule A.

RESPONSE:

10.   All documents describing any specific work performed by Defendants' employees (as defined herein) during the relevant time period, including but not limited to job descriptions, contracts, and performance reviews.

OBJECTION: Defendants object to such request as overbroad as to "all documents" and such request including a request for irrelevant medically confidential documents and a request not limited by the Schedule A individuals as it relates to this lawsuit.

RESPONSE:

11.   All documents that refer or relate to the instructions, policies, procedures, or guidelines that any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint was required or recommended to follow in performing any job task, assignment, duty, or function during the relevant period.

OBJECTION: Defendants object as such request calls for irrelevant medically confidential documents and information not reasonably calculated to lead to discoverable evidence. Defendants object as to the overbroad nature of "all documents" and vague with respect to who was requiring or recommending such purported policies, procedures, or guidelines.
RESPONSE:

12.   All documents that refer or relate to the training of any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint in the performance of his or her work,

whether live, by computer, or other means; including curricula, syllabi, training materials, handouts, overhead transparencies or their equivalent, instructors' materials, handouts, tests and answer keys, and videos; including internally produced documents and documents produced by third parties, for use by any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint during the relevant period.

>OBJECTION: Defendants object to the overbroad nature of the request not limited in scope to the individuals' relation to At Home Personal Care, the overburdensome nature of the request for irrelevant materials, such documents that may be protected by attorney client privilege or classified as trial preparation.
>
>RESPONSE:

13. All manuals, handbooks, memoranda, or other documentation provided by At Home Care to any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

>OBJECTION: Defendants object to the vague and overbroad nature of what "all manuals, handbooks, memoranda, or other documentation" encompasses.
>Defendants also object as such request is not tailored to a relevant time period.
>RESPONSE:

14. All agreements pertaining to any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint.

>OBJECTION: Defendants object to the overbroad and vague nature of the request.
>RESPONSE:

15. All documents relating to Defendants' compensation policy or pay structure, including, but not limited to, compensation agreements and other documents relating to commissions, bonuses, or fees during the relevant time period.

>OBJECTION: Defendants object to the "all documents" overbroad request and the

7

unlimited scope of to whom such policies or pay structures apply to outside of the Schedule A individuals.

RESPONSE:

16.     Any and all documents demonstrating current compliance with the Fair Labor Standards Act of 1938, as amended.

> OBJECTION: Defendants object to the request as calling for legal conclusion to determine documents pertinent to the request, as overbroad and unduly burdensome and not calculated to lead to discoverable evidence with respect to the lasuit.

RESPONSE:

17.     Any and all documents demonstrating Defendants took steps to determine whether their policy relating to compensation of employees, overtime and/or prepaid overtime complied with the Fair Labor Standards Act from at least October 6, 2015 to October 1, 2017.

> OBJECTION: Defendants object to the request as calling for legal conclusion to determine documents pertinent to the request and object to the confusing characterization/definition of "employees".

RESPONSE:

18.     At Home Care's copies of all state and Federal income tax returns for the last 3 calendar including but not limited to all schedules, attachments, 1096, W-2s, 1099, 1099-MISC,

1065, 1120, and K-1, forms. In the event that you do not have tax returns prepared for any one of those years, you are provide copies of all documentation which you intend to use in preparation for filing any such return not previously filed.

> OBJECTION: Defendants object to the overbroad and unduly burdensome request for "all state and Federal income tax returns" not limited in scope other than "3 calendar" [sic].

> RESPONSE:

19. Robin Wright copies of all state and Federal income tax returns for the last 3 calendar including but not limited to all schedules, attachments, 1096, W-2s, 1099, 1099-MISC, 1065, 1120, and K-1, forms. In the event that you do not have tax returns prepared for any one of those years, you are provide copies of all documentation which you intend to use in preparation for filing any such return not previously filed.

> OBJECTION: Defendants object to the overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence request for personal tax returns.

> RESPONSE:

20. All documents concerning, evidencing or related to the corporate structure or organization of At Home Care during the relevant time period.

> OBJECTION: Defendants object to the vague request and its overbroad nature regarding "all documents".

> RESPONSE:

21. Any and all personnel records related to the individuals listed in Schedule A to Plaintiff's Amended Complaint.

> OBJECTION: Defendants object to the overbroad nature of "any and all" not limited by At Home Personal Care's relationship with the Schedule A individuals nor limited in relevant time. To the extent such request calls for documents protected by attorney-client privilege Defendants object.

> RESPONSE:

DATED: September 14, 2018  Respectfully Submitted,

AT HOME PERSONAL CARE SERVICES, LLC
and ROBIN WRIGHT, Defendants

_____/s/_____
SETH JAMES B. OBED, VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
[T] (703) 638-8913; [F](703)894-4940
sobed@obedlaw.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Objections to Plaintiff's First Requests for Production of Documents was sent by electronic mail this 14th day of September 2018 to the following:

Ryma Lewis Attorney VA Bar No.: 83322
Office of the Regional Solicitor
201 12th Street South Arlington, VA 22202-5450
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

_____/s/_____
SETH JAMES B. OBED, VSB #82482