IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually, <br><br> Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

## DEFENDANTS' SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants AT HOME PERSONAL CARE SERVICES, LLC, "At Home Personal Care", and ROBIN WRIGHT, provide supplemental Answers to the Interrogatories of Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, by the undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure as true to the best of their knowledge under penalty of law.

Defendants Supplemental Answers, and previous not supplemented Answers, also supplement Defendants' Rule 26(a)(1) Initial Disclosures through Rule 26(e).

## INTERROGATORIES

7. Prior to learning of the U.S. Department of Labor's investigation relating to this matter, did Defendants ever take any steps to determine whether their policy relating to compensation of employees, overtime and/or prepaid overtime

> complied with the Fair Labor Standards Act? If your answer is yes, describe in detail all actions taken to determine whether the policy was in compliance, identify all persons who were consulted regarding whether the policy was in compliance, and the date of all such actions.

OBJECTION: Defendants object that the question calls for a legal conclusion as to "complied with the Fair Labor Standards Act" and is overbroad as to what sections of the act and is confusing regarding "employees". Defendants object as to the characterization of Defendant Robin Wright as having personally any policy related to individuals working in connection with At Home Personal Care and object to such assumption of legal conclusion.

ANSWER: Defendants reassert the objection but At Home Personal Care states it consulted the DOL website regarding the FLSA and overtime pay in particular, reviewing required provisions and obligations of small businesses like At Home Personal Care. At all times, Defendants reasonably believed At Home Personal Care was compliant with the FLSA.
SUPPLEMENT: Defendants consulted accountant Mark Thompson, CPA at (703)302-0235, 4435 Miniature Lane, Fairfax, VA 22033, as such conversation arose generally. Defendants consulted the Fair Labor Standards Act website. Defendants discussed the distinction between employees and independent contractors with industry professionals. Defendants also appeared before the Workers' Compensation Commission of Virginia where the Deputy Commissioner, with the opportunity to do so, did not find that At Home Care's workers were employees, instead ending the case as to At Home Care.

9. Identify all persons who have knowledge relating to the various subject matters, averments, claims or defenses of this lawsuit, describing generally the knowledge possessed or claimed to be possessed by each such individual.

OBJECTION: Defendants object to the Interrogatory as overbroad and speculative as to Plaintiff's own knowledge of its averments and claims and speculative as to Defendants' knowledge of other individuals' purported knowledge.

ANSWER: Defendants identify those individuals listed in the Initial Disclosures in addition to those listed in Plaintiff's Initial Disclosures and those names listed herein. **Supplement: Shayla McCall, HR Director At Home Personal Care Services. Mark Thompson, CPA. Those individuals identified at Robin Wright's deposition. Schedule A individuals, evidencing the intent of the parties that they were independent contractors.**

10. With respect to each individual whom Defendants intend on calling as a witness at the trial of this cause, please state the following:

   a. The name of such person;

   b. The address and telephone number of such person;

   c. A summary of the testimony expected to be elicited from such person; and

   d. Each document or other item of evidence you expect to prove through such witness.

   OBJECTION: Defendants object to the subparts in excess of the allowable number of Interrogatories and object to the privileged nature of that part of the answer being trial preparation.

   **ANSWER**: Defendants reassert the objection as trial preparation. To the extent an answer is required, Defendants reassert their Initial Disclosures and **SUPPLEMENT with those individuals supplemented with knowledge of the facts listed herein, and those individuals Plaintiff may call upon.**

15. State the annual gross revenue for At Home Personal Care for the years 2015, 2016, and 2017.

   **ANSWER: SUPPLEMENT: DOL has in its possession the gross revenue for 2015, DOL 135.** The annual gross revenue is over $500,000 for each of those years, such response to be supplemented.

DATED: November 14, 2018            Respectfully Submitted,

                                    AT HOME PERSONAL CARE SERVICES, LLC
                                    and ROBIN WRIGHT, Defendants

                                    _____/s/_____
                                    SETH JAMES B. OBED, VSB #82482
                                    Obed Law Group, PLC

        111 Oronoco Street
        Alexandria, VA 22314
        [T] (703) 638-8913; [F](703)894-4940
        sobed@obedlaw.com
        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Objections to Plaintiff's First Interrogatories was sent by electronic mail this 14th day of November, 2018 to the following:

Ryma Lewis Attorney VA Bar No.: 83322
Office of the Regional Solicitor
201 12th Street South Arlington, VA 22202-5450
P: (202)693-9369; F: (202)693-9392
E: Lewis.Ryma@dol.gov

                                            /s/
                            SETH JAMES B. OBED, VSB #82482

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>　　　　　　　　　Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

**DEFENDANTS' SUPPPLEMENT TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants AT HOME PERSONAL CARE SERVICES, LLC, "At Home Personal Care", and ROBIN WRIGHT, by and through Counsel, request that Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26(C) as follows (Defendants will further supplement the documents with Bates stamped numbers and further organizational aids for Plaintiff):

**REQUESTED DOCUMENTS**

2. All documents showing the hours worked, during the relevant time period, by Defendants' employees (as defined herein), including but not limited to time records, payroll records, employee lists, employee schedules, and/or work schedules.

OBJECTION: Defendants object to the production of "all documents" not limited in scope

1

or relevancy to the time period of the Amended Complaint.

**RESPONSE:** At Home Care produces timesheets with schedules. See AHPC 000069-001818. Several Schedule A individuals' timesheets with schedules will be supplemented to this response as soon as possible. Documents of a confidential nature outside the scope of discovery are not produced here.*
**SUPPLEMENT: At Home Care produces further timesheets to be further identified. All timesheets are provided, and have been provided, IN FULL for the sole purpose of full disclosure of requested information concerning Aide assignments, tasks performed, and other assignment details. HOWEVER, the information contained on the timesheets/Provider Aide Records is CONFIDENTIAL and will need to be redacted as to the Local Rules and by party agreement for use at any hearing and the parties will have to agree as to further redactions, particularly any patient information.* Timesheet handwritten notes precede provider aide records and were written by Elizabeth Mendez for her preparation of the payroll summaries. The payroll summaries were based on these timesheet/Provider Aide Record grouping of sets, and some contain days where the usual aide did not work but a substitute aide worked and it appears that the payroll summaries did not take into account some of these discrepancies and were used in computation of overtime despite the hours being worked by different aides.**

3. All documents showing payments and/or wages made by Defendants to their employees (as defined herein) during the relevant time period, including but not limited to accounting sheets, tax records, bookkeeping records, social security records, payroll records, expense ledgers, banking records and/or canceled checks.

OBJECTION: Defendants object to the production of "all documents" not limited in scope or relevancy to the time period of the Amended Complaint and its claims therein. Defendants also object to the request as overburdensome with respect to the claims of the Amended Complaint not in issue.
Defendants object to the mischaracterization of Defendant Robin Wright as an employer, and object to such legal conclusion and any such inference.

**RESPONSE:** Defendants reassert the objection as overburdensome but produce the attached responsive documents. Further documents may be supplemented as necessary to the extent further production is required. Plaintiff may schedule a time with Defendants' Counsel to inspect specific documents at At Home Care's place of business.
**SUPPLEMENT: Payroll summaries provided previously to DOL Investigator, as typed/data input by Elizabeth Mendez, are identified in DOL's responses as "DOL #'s…": "048-054", "DOL 174-175", "DOL 177-189", "196-354", "356-360", "362-377", "379-436", "440-484", "486", "488-490", "492", "494", "496", "498"; such summaries as kept in the ordinary course of At Home Care's business are only to the extent such identified documents contain TYPED and formatted information; handwriting is not accounted for or from At Home Care unless proven otherwise.**

2

**Elizabeth Mendez relied upon her review of timesheets/provider aide records and her notes for that purpose.**

    4. All policy memoranda, notices to employees, memos to employees (as defined herein), handbooks, signed agreements, posted signs or any other documents that set forth At Home Care pay policies concerning, including but not limited to policies concerning compensation and overtime during the relevant time period.

OBJECTION: Defendants object to such production of documents subject to attorney-client privilege and the overbroad nature of the request as to "all", "pay policies", and the time period irrelevant to this lawsuit.

**RESPONSE: At Home Care produces responsive picture of poster, to be identified and supplement as needed.**

7. All documents, including but not limited to contracts and invoices, related to any agreements or business relationships between At Home Care and any third party (covering any part of the last three calendar years) regarding (a) staffing services, and/or (b) At Home Care employees (as defined herein) providing various services.

OBJECTION: Defendants object to "all documents" as unduly burdensome and not limited in efficient scope or relevant time period or subject matter. Defendants object to the request as it pertains to medically confidential documents of individuals not related to this lawsuit. Defendants object to the vague reference to "staffing services".

**RESPONSE: Defendants reassert the objections as not reasonably calculated to lead to discoverable evidence. At Home Care produces documents related to Schedule A individuals' contracts and will supplement as necessary.**
**SUPPLEMENT: Defendants reassert objections as to the confidential nature of medical information and the broad nature of Plaintiff's requests.**

    8. All documents describing any specific work performed by Defendants' employees (as defined herein) during the relevant time period, including but not limited to job descriptions, contracts, and performance reviews.

OBJECTION: Defendants object to such request as overbroad as to "all documents" and such request including a request for irrelevant medically confidential documents and a

3

request not limited by the Schedule A individuals as it relates to this lawsuit.

**RESPONSE: Defendants will supplement this request, other than the responsive documents attached.**

10. All documents that refer or relate to the instructions, policies, procedures, or guidelines that any of the individuals listed in Schedule A attached to Plaintiff's Amended Complaint was required or recommended to follow in performing any job task, assignment, duty, or function during the relevant period.

OBJECTION: Defendants object as such request calls for irrelevant medically confidential documents and information not reasonably calculated to lead to discoverable evidence. Defendants object as to the overbroad nature of "all documents" and vague with respect to who was requiring or recommending such purported policies, procedures, or guidelines.

**RESPONSE: Defendants do not have possession or control over every document. At Home Care produces attached responsive documents and will supplement as needed. SUPPLEMENT: Defendants produce the additional timesheets as outlined in Response to No. 2.**

14. All documents relating to Defendants' compensation policy or pay structure, including, but not limited to, compensation agreements and other documents relating to commissions, bonuses, or fees during the relevant time period.

OBJECTION: Defendants object to the "all documents" overbroad request and the unlimited scope of to whom such policies or pay structures apply to outside of the Schedule A individuals.

**RESPONSE: Defendants reassert the objection as vague in its overbroad nature regarding "compensation policy or pay structure". Defendants do not believe there are responsive documents other than those produced pursuant to similar RFPDs herein.
SUPPLEMENT: Defendants identify documents previously provided to DOL during its investigation period, and as identified by DOL as "DOL #'s" "190-192" but limit the identification to the typed portions of the documents and limit the handwritten markings on such documents.**

17. At Home Care's copies of all state and Federal income tax returns for the last 3 calendar including but not limited to all schedules, attachments, 1096, W-2s, 1099,

4

1099-MISC, 1065, 1120, and K-1, forms. In the event that you do not have tax returns prepared for any one of those years, you are provide copies of all documentation which you intend to use in preparation for filing any such return not previously filed.

>OBJECTION: Defendants object to the overbroad and unduly burdensome request for "all state and Federal income tax returns" not limited in scope other than "3 calendar" [sic].

>**RESPONSE: Defendants will supplement as needed and reassert the objection as to the full scope of the request.**

DATED: November 15, 2018

Respectfully Submitted,

AT HOME PERSONAL CARE SERVICES, LLC
and ROBIN WRIGHT, Defendants

_____/s/_____
SETH JAMES B. OBED, VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
[T] (703) 638-8913; [F](703)894-4940
sobed@obedlaw.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing was sent **by electronic mail** this 15th day of November, 2018 to the following:

Ryma Lewis Attorney VA Bar No.: 83322
Office of the Regional Solicitor
201 12th Street South Arlington, VA 22202-5450
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

_____/s/_____
SETH JAMES B. OBED, VSB #82482