IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SANCTION DEFENDANTS FOR FAILING TO COMPLY WITH THE COURT'S JANUARY 11, 2019 ORDER

On January 11, 2019, this Honorable Court granted Plaintiff's Motion to Compel. *See* ECF Docket No. 24 and 32. Pursuant to that Order, Defendants were required to supplement all responsive documents and supplement interrogatories by 5:00 p.m. on January 23, 2019. *See* ECF Docket No. 32. To date, Defendants have failed to produce all responsive documents requested in discovery. Further, Defendants have continued to provide responsive documents on a rolling basis after the court deadline.

Defendants' repeated failure to comply with the Federal Rules of Civil Procedure and orders of this Court prejudices Plaintiff, hinders this Court's orderly administration of justice, and undermines the integrity of the process. As discussed in detail below, Defendants' discovery responses are inadequate and fail to respond to Plaintiffs' discovery requests. For these reasons, Plaintiff respectfully requests that the Court grant his motion to sanction

1

Defendants for failing to produce documents propounded in discovery or untimely supplemented. *See* Summary of Outstanding Responsive Documents, Exhibit A.

I. **DEFENDANT SHOULD BE SANCTIONED FOR FAILURE TO RESPOND TO WRITTEN DISCOVERY**

Federal courts have routinely excluded evidence that is disclosed after the deadline established by court orders. *See e.g. Falke, Inc. v. Cafritz Co. (In re Falke, Inc.*, Nos. 05-11818-RGM (Chapter 11), 05-1488, 2006 Bankr. LEXIS 2814, at *23 (Bankr. E.D. Va. June 14, 2006) (automatic exclusion of non-disclosed witnesses and documents was appropriate because the "failure to comply was willful and without substantial justification" and the failure to disclose "was not harmless"). "The burden is on the non-disclosing party to show harmlessness or justification." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 478 (W.D. Va. 2010) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)); *United States v. Seko*, No. 1:15cr301 (JCC), 2017 WL 1318008 at *10 (E.D. Va. Apr. 10, 2017) (allowing untimely submission of exhibits when the offending party can "demonstrate good cause for the delay").

Defendants do not have good cause for failing to comply with the Pretrial Scheduling Order or Compel Order. *See* ECF Docket No. 9 and 32. Indeed, this is a case where the Defendants pay practices are in question, as the Secretary alleges that the Defendants violated the FLSA by failing to pay their employees, who regularly worked over 40 hours a week, the overtime premium—time and a half of their regular rate of pay. Also, in dispute, is how many hours employees worked over 40 hours a week, which would entitle them to the overtime premium. Thus, the Defendants' time records, which have been repeatedly requested in discovery, yet not produced in their entirety, are clearly relevant to the Secretary's claim that Defendants' employees regularly worked over 40 hours each week. *See*

2

Plaintiff's Request for Production of Documents No. 2, 3, 4, and 15. The requested records also confirm the accuracy of Plaintiff's back wage computations, as these time records support how many hours over 40 were worked by employees each pay period. Without the full records, the Secretary is unfairly restricted in presenting his case and the Court is deprived of a full record from which to determine the extent to which Defendants' employees worked over 40 hours a week uncompensated. Moreover, there is no reasonable excuse for Defendants' failure to produce these records. The requested records are Defendants' own business records that they are required to keep and maintain by law.

Defendants may argue that Plaintiff possesses all the requisite information pertaining to the hours worked. During the investigation, Defendants provided Plaintiff timesheet summaries and payroll summaries, which were compilations of daily care reports.[1]

However, such argument is unpersuasive. Plaintiff's Wage and Hour Transcription ("Transcription") was created based upon the payroll records Defendants provided to Plaintiff. In essence, the Transcription is a summary exhibit. *See* Fed. R. Evid. 1006. Indeed, these underlining documents are necessary to verify and confirm the summary document Defendants provided is in fact accurate and reliable. Plaintiff appropriately requested these documents in discovery. The documents are relevant. Plaintiff is entitled to receive them in accordance with the discovery deadline and this Court's order. Yet, Defendants continue to fail to provide them and should not be allowed to benefit from their failure to comply with the rules.

Indeed, appropriate sanctions should both hold Defendants accountable for their lack of compliance and put the Secretary in a similar position it would have been, if Defendant had

---

[1] The daily care reports were not provided to Plaintiff during the investigation.

complied with this Court's orders. An adverse inference that Defendants' employees regularly worked over 40 hours each week for which the employees would have been entitled to overtime compensation; precluding Defendants from using, marking and entering into evidence any exhibits at trial which challenge Plaintiff's Wage and Hour transcription and that employees regularly worked over forty hours each work week; prohibiting Defendants, her or her agents from presenting certain defenses and/or claims as the same relates to withheld information; and prohibiting Defendants from challenging Plaintiff's back wage computations as the same relates to withheld information or untimely produced records would do just that. Such an order is proportional to the harm suffered by the Secretary: it will deprive defendants of the fruits of their misconduct.

## II.   DEFENDANTS SHOULD BE PROHIBITED FROM USE OF EXHIBITS THAT HAVE NOT YET BEEN PRODUCED TO THE PLAINTIFF

Defendants' failure to comply with the January 11, 2019 Compel Order has significantly prejudiced the Plaintiff. There is approximately one day until Summary Judgment motions are due[2] and trial is set in this matter to commence on March 12, 2019. The Plaintiff does not know what exhibits or what motions to draft in anticipation of trial because of Defendants' failure to produce or timely supplement its discovery responses

Defendants have had 146 days to respond to Plaintiff's discovery requests.[3] That is they have had the 30 days that the Rules allot and an additional 116 days as the Motion to Compel was pending and addressed and then additional time was given to comply by court order.

---

[2] The parties have met and conferred to hearing on cross-dispositive motions to be heard and have agreed to hold oral arguments on the same on February 25, 2019.As such, such motions are due on January 28, 2019.
[3] Discovery was served on August 30, 2018, and due on October 1, 2018. Pursuant to an Agreed Order, discovery was extended to January 14, 2018, to provide Defendants additional time to supplement identified deficiencies. *See* ECF No.23.

When one considers Defendants' disregard of its discovery obligations in this case, the prejudice Plaintiff has suffered because of Defendants' failure to comply with the Rules of Civil Procedure, Pretrial Scheduling Order, and subsequent Compel Order, Defendants' dilatory and obstructionist tactics in responding to discovery and complying with the Rules is even clearer. If Defendants are permitted to proceed in this case and to present exhibits at trial which challenge the Plaintiff's back wage calculations, when their disregard of the Federal Rules and this Court's Order prevented the Plaintiff from obtaining the relevant evidence to prepare its arguments on these calculations, the Plaintiff will continue to be placed at an unfair and unwarranted disadvantage at trial. Defendants' discovery misconduct should not be rewarded. As such, Plaintiff respectfully requests that Defendants be barred from producing, or relying on, any exhibits or witness testimony at the trial that challenge Plaintiff's back wage calculations.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grants its Motion for Sanctions drawing an adverse inference that the documents requested would have shown that Defendants' employees regularly worked over 40 hours each week which the employees would have been entitled to overtime compensation; (2) precluding them from using, marking and entering into evidence any exhibits at trial which challenge Plaintiff's Wage and Hour transcription and that employees regularly worked over forty hours each work week; (3) prohibiting Defendants her or her agents from presenting certain defenses and/or claims as the same relates to withheld information; (4) prohibiting Defendants from challenging Plaintiff's back wage computations as the same relates to withheld information or untimely produced records; (5) striking out Defendant's pleadings or a part thereof; (6) granting Plaintiff all costs expended, including

attorney's fees in order to enforce Plaintiff's right to adequate discovery in this cause; and (7) for such other and further relief as the Court deems mete and proper.

|  |  |
|---|---|
| | Respectfully Submitted, |
| Post Office Address | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>201 12th Street South, Suite 401<br>Arlington, VA 22202<br>Phone: 202.693.9393<br>Fax: 202.693.9392 | Oscar L. Hampton III<br>Regional Solicitor<br><br>Samantha N. Thomas<br>Associate Regional Solicitor<br><br>Leah Williams<br>Wage and Hour Counsel<br><br>_____/s/ Ryma Lewis_____<br>Ryma Lewis<br>Attorney<br>Office of the Regional Solicitor<br>201 12th Street South<br>Arlington, VA 22202-5450<br>VA Bar No.: 83322<br>P: (202)693-9369<br>F: (202)693-9392<br>E: Lewis.Ryma@dol.gov<br><br>U.S. DEPARTMENT OF LABOR<br>Attorneys for Plaintiff |
| Date: January 25, 2019 | |

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

SETH JAMES B. OBED, VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
[T] (703) 638-8913; [F](703)894-4940
sobed@obedlaw.com
Attorney for Defendants

                                                */s/ Ryma Lewis*
                                                Ryma Lewis
                                                Attorney
                                                Office of the Regional Solicitor
                                                201 12th Street South
                                                Arlington, VA 22202-5450
                                                VA Bar No.: 83322
                                                P: (202)693-9369
                                                F: (202)693-9392
                                                E: Lewis.Ryma@dol.gov