# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>         Plaintiff,<br>v.<br><br>AT HOME PERSONAL CARE SERVICES, LLC, and ROBIN WRIGHT, Individually,<br><br>         Defendants. | Civil No.: 1:18-cv-549 (LMB/IDD) |

### **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' 26(a)(3) DISCLOSURES**

Pursuant to the Court's July 30, 2018, Pretrial Scheduling Order, Plaintiff, R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), submits the following objections to the Defendants' proposed exhibits. *See* ECF Docket No. 9.

### I. Objections to Defendants' List of Exhibits

Plaintiff objects to Defendants' Exhibits on the following bases:

Defendants' Exhibit 3

Defendant's Exhibit 3 purports to be a demonstrative exhibit of Defendants' Hour Calculations compared to DOL Summaries of Alleged Overtime Hours. However, such document has not been produced in discovery or provided to Plaintiff within its exhibit exchange. Moreover, pursuant to the Court's January 11, 2019 Order, Defendants were required to supplement all responsive documents by January 24, 2019. *See* ECF Docket No. 18.

Defendants have repeatedly failed to produce said documents during discovery or at any time before January 24, 2019. As such, the Court should prohibit Defendants from relying upon those documents at trial. *See* Fed. R. Civ. P. 37(c); *Quarterman v. Spirit Line Cruises, LLC*, No.: 2:13-cv-3552-PMD, 2016 WL 374787, at *5 (D.S.C. Feb. 1, 2016); *Randolph v. ADT Sec. Servs., Inc.*, No. CIV. DKC 09-1790, 2012 WL 4480259, at *3 (D. Md. July 23, 2012) ("[a]gain, if these photographs were not produced during discovery, they may not be presented at trial.").

Furthermore, Defendants have refused to obey the directive of the Court, to the detriment of Plaintiff. As a result, Plaintiff has been denied the opportunity to examine additional records which Defendants presumably relied upon in creating this "demonstrative" exhibit. See e.g. *United States v. Janati*, 374 F.3d 263, 273 (4th Cir.2004)("The obvious import of [Rule 1006] is to afford a process to test the accuracy of the chart's summarization.").In noting their objections to Defendants' Exhibit 3, Plaintiff also respectfully refers the Court to his separate Motion for Sanctions and Memorandum in Support on this issue. Those pleadings thoroughly address Defendants' refusal to provide full and complete payroll records in violation of the Court's January 24, 2019 Pretrial Scheduling Order and January 11, 2019 Compel Order.

Further, until Defendants provide the underlying records, which must be admissible standing alone, it is difficult to determine whether this document is a "demonstrative exhibit." *See U.S. v. Bakker*, 925 F. 2d 728, 736 (4th Cir. 1991) and *U.S. v. Strissel*, 920 F.2d 1162, 1163 (4th Cir. 1990) Plaintiff cannot determine the full extent to which each the Exhibit 3 is objectionable. Defendants cannot authenticate and lay the proper foundation to said document. *See* Fed.R. Evid. 901. Plaintiff also objects that the documents constitute inadmissible hearsay. *See* Fed. R. Evid. 802, 901.

Defendants Exhibit 4

This proposed exhibits consists of incomplete provider aide records, time sheets, and payroll summaries. Pursuant to the Court's January 11, 2019 Order, Defendants were required to provide all responsive documents by January 24, 2019. *See* ECF Docket No. 18. Defendants have repeatedly failed to produce said documents during discovery or at any time before January 24, 2019. As such, the Court should prohibit Defendants from relying upon those documents at trial. *See* Fed. R. Civ. P. 37(c); *Quarterman v. Spirit Line Cruises, LLC*, No.: 2:13-cv-3552-PMD, 2016 WL 374787, at *5 (D.S.C. Feb. 1, 2016); *Randolph v. ADT Sec. Servs., Inc.*, No. CIV. DKC 09-1790, 2012 WL 4480259, at *3 (D. Md. July 23, 2012) ("[a]gain, if these photographs were not produced during discovery, they may not be presented at trial.").

Furthermore, Defendants have refused to obey the directive of the Court, to the detriment of Plaintiff. As a result, Plaintiff has been denied the opportunity to examine additional records which Defendants presumably will rely upon in support of any contention or statement contained in its affirmative defenses. In noting their objections to Defendants' Exhibit 4, Plaintiff also respectfully refers the Court to his separate Motion for Sanctions and Memorandum in Support on this issue. Those pleadings thoroughly address Defendants' refusal to provide full and complete payroll records in violation of the Court's January 24, 2019. Pretrial Scheduling Order and January 11, 2019 Compel Order.

Defendants Exhibit 12:

Defendant's Exhibit 12 are Medicare Rules and Policies. Such documents are not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded These documents are not relevant to the question of whether

Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

Defendants Exhibit 13:

Defendant's Exhibit 13 are "DMAS" Rules, Chapter 2. Such documents are not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded. These documents are not relevant to the question of whether Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

Defendants Exhibit 14

Defendant's Exhibit 14 are "MedPass" Medicare Guidelines. Such documents are not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded. These documents are not relevant to the question of whether Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the

fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

Defendants Exhibit 11:

Defendant's Exhibit 11, State Workers Comp. Commission Non-Determination Opinion has no relevance to the case at bar. Such document predated the relevant time period of October 6, 2015 through October 1, 2017. As these documents address a period that has no relevance to this litigation, is not relevant to any issue in dispute or any fact of consequence in determining this matter, these documents should be excluded. Additionally, Defendants cannot authenticate said documents and the documents constitute inadmissible hearsay. *See* Fed. R. Evid. 802, 901. Moreover, its inclusion will confuse the issues, mislead the jury and waste of time. See Fed. R. Evid. 402, 403.

Defendants Exhibit 16

Defendant's Exhibit 16 is an Audit dated September 19, 2018. Such documents are not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded. These documents are not relevant to the question of whether Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

Defendants Exhibit 17:

Defendant's Exhibit 17 is a Virginia Dept. of Health Home Care License for AHPC. Such documents are not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded. These documents are not relevant to the question of whether Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

Defendants Exhibit 18

Defendant's Exhibit 18 is "CHAP" Accreditation Letter Dated April 4, 2018. Such document is not relevant to any issue in dispute or any fact of consequence in determining this matter and, therefore, should be excluded. These documents are not relevant to the question of whether Defendants failed to pay its employees the overtime premium rate for hours worked over 40 in a workweek. *See* Fed. R. Evid. 402. Fed. R. Evid. 401 states evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Moreover, its inclusion will confuse the issues and is not an efficient use of time. *See* Fed. R. Evid. 402, 403.

| | Respectfully Submitted, |
|---|---|
| | Kate S. O'Scannlain |
| Post Office Address | Solicitor of Labor |
| | |
| U.S. Department of Labor | |
| 201 12th Street South, Suite 401 | Oscar L. Hampton III |
| Arlington, VA 22202 | Regional Solicitor |
| Phone: 202.693.9393 | |
| Fax: 202.693.9392 | Samantha N. Thomas |
| | Associate Regional Solicitor |
| | |
| | Leah Williams |
| | Wage and Hour Counsel |
| | |
| | ____*/s/ Ryma Lewis*_____ |
| | Ryma Lewis |
| | Attorney |
| | Office of the Regional Solicitor |
| | 201 12th Street South |
| | Arlington, VA 22202-5450 |
| | VA Bar No.: 83322 |
| | P: (202)693-9369 |
| | F: (202)693-9392 |
| | E: Lewis.Ryma@dol.gov |
| | |
| | U.S. DEPARTMENT OF LABOR |
| | Attorneys for Plaintiff |
| Date: January 28, 2019 | |

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 28, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:
SETH JAMES B. OBED, VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
[T] (703) 638-8913; [F](703)894-4940
sobed@obedlaw.com
Attorney for Defendants

                                                           /s/ Ryma Lewis
                                                          Ryma Lewis
                                                          Attorney
                                                          Office of the Regional Solicitor
                                                          201 12th Street South
                                                          Arlington, VA 22202-5450
                                                          VA Bar No.: 83322
                                                          P: (202)693-9369
                                                          F: (202)693-9392
                                                          E: Lewis.Ryma@dol.gov