IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : | |
| Plaintiff, | : : | Civil Action No.: 1:18-cv-549 (LMB/IDD) |
| v. | : : | |
| AT HOME PERSONAL CARE SERVICES LLC and ROBIN WRIGHT, Individually and as Owner and President of AT HOME PERSONAL CARE SERVICES LLC | : : : : : : | |
| Defendants. | : : | |

**SECRETARY'S MEMORANDUM REGARDING THE APPLICABILITY OF THE FAIR LABOR STANDARDS ACT TO HOME HEALTH AIDES WHO EXCLUSIVELY PROVIDE SERVICES TO RELATIVES**

Plaintiff R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), respectfully submits this memorandum in support of his argument that home health aides who only provided care for family members are employees within the meaning of the Fair Labor Standards Act (FLSA" or "Act").

**I.   Nothing in the FLSA Exempts an Employer from Paying Overtime Compensation Simply because a Home Health Aide Exclusively Serves Patients with whom They Have a Familial Relationship.**

The existence of a familial relationship between a home health aide and a patient is irrelevant to the issue of whether that aide is an employee of a third party under the FLSA. *See* 29 U.S.C. 206(f), 207(l) (requiring the payment of minimum wage and overtime compensation to "any employee engaged in domestic service" without creating any exception for family members); *Velez v. Sanchez*, 693 F.3d 308, 327-28 (2d Cir. 2012) (explaining that a familial relationship does not preclude the economic realities that an individual is a domestic service

employee). Nothing in the Act creates an exemption for family members. Nothing in the regulations states home health aides who provide services to family members are not employees and, therefore, not entitled to overtime pay. The existence of a familial relationship or some motivation to work in addition to material gain, does not preclude the application of the FLSA. *Velez*, 693 F.3d at, 328.

For example, in *Velez v. Sanchez*, the Court noted that the nature of the relationship between Velez and Sanchez depends on its economic realities. *Id*. at 326. The Court determined that although Velez had family ties to Sanchez, it did not preclude the application of the FLSA. *Id*. at 327. Evidence that Velez worked at least in part because she had an emotional tie with Sanchez's children and may have had a familial relationship with Sanchez does not preclude the application of the FLSA if the totality of the circumstances supports a preponderance finding of an employer-employee relationship. *Id*. at 328.

The Final Rule for the Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454-01 (Oct. 1, 2013), similarly states, "[U]nder the FLSA, family members can be hired to be domestic service employees of other family members, in which case, unless a statutory exemption applies, they are entitled to minimum wage and overtime for hours worked." Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454-01, 60488 (Oct. 1, 2013). *See* Exhibit A. The Final Rule further states, "The decision to select a family or household member as a paid direct care worker through a Medicaid-funded or certain other publicly funded program creates an employment relationship under the FLSA … ." *Id*. Indeed, an employment relationship exists "as defined and limited by a written agreement developed with the involvement and approval of a Medicaid-funded or similar publicly funded program, usually called a plan of care, that reasonably sets forth the number of hours for which paid home

care services will be provided." *Id*. In the present case, the Court has heard repeated testimony from Defendant Wright and from various individuals listed in Schedule A of the Amended Complaint regarding the fact that each At Home Personal Care Services ("AHP") patient, regardless of the existence of a familial relationship, has a "plan of care." If an "economic realities" analysis of the work performed under a plan of care weighs in favor of an employment relationship, "the entity administering the Medicaid-funded or similar publicly funded home care program (or perhaps both) are employers of the family or household care provider."[1] *Id*.

> The consumer, and/or the entity, recruit and hire the family or household member to provide the services described in the plan of care, may fire the family or household member from the paid position, and control the number of hours of work and the type of work the family or household member must perform. There is a clear expectation and promise of compensation, and employment records must be kept in order to receive payment. During the hours for which a family or household care provider is compensated under a plan of care, the care provider is obligated to perform the services he or she was hired to provide. In addition, a paid family or household care provider is not permitted to substitute someone else to receive payment from Medicaid for services provided pursuant to the plan of care without employer approval.

*Id*. at 60488-60489. Moreover, employers like AHP still profit from the services home health aides provide, regardless of whether the patient is a relative. In fact, AHP benefits from such relationships because the familial relationship between the home health aide and the patient facilitates and strengthens the relationship between the patient and AHP.

In sum, the existence of a familial relationship between a home health aide and a patient is not determinative or relevant when determining whether that individual is covered under the FLSA and, therefore, entitled to overtime. The test for these home health aides is the same

---

[1] Courts in the Fourth Circuit apply the six factor economic realities test to determine the employer-employee relationship under the FLSA: (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business. *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 241 (4th Cir. 2016).

regardless of whether they care for a relative: Whether the work performed as set forth in the plan of care meets the economic realities test and creates an employment relationship requiring the payment of overtime compensation under the FLSA. The law requires the Court perform the same economic realities analysis for each home health aide, regardless of who the aide cared for during the relevant period.

      The evidence the Court has heard at trial and throughout this litigation shows Defendants exert significant control over home health aides. Specifically, Defendants hire and fire, supervise their work and set their work schedules, determine their rates of pay, discipline, grant requests for time off and maintain employment records with regard to those employees. Further, the employees did not have opportunities for profit or loss dependent on their managerial skill; did not invest in equipment or material, or in his or her employment of other workers; and did not perform work that required a high degree of skill. Moreover, their working relationship was not limited to a specific period of time and they rendered services that were an integral part of Defendants' business.

      Although a prior familial relationship exists between the identified home health aides and their consumer patients, such relationship does not preclude the application of the FLSA. The home health aide is obligated to perform the services for which he or she has been hired to provide and expects to receive compensation for rendering such services. There is no evidence to suggest that the Defendants distinguished the employment requirements for home health aides who care for family members and those who do not. As such, the home health aides who only provide services to family members are in fact "employees" and entitled to coverage under the FLSA.

II.     **Conclusion**

For the foregoing reasons, Plaintiff R. Alexander Acosta, Secretary of Labor, Department of Labor, respectfully requests that this Court find that home health aides who provided care family members are employees within the meaning of the Fair Labor Standards Act.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah A. Williams
Regional Counsel

*/s/ Ryma Lewis*
Ryma Lewis
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
VA Bar No.: 83322
P: (202)693-9369
F: (202)693-9392
E: Lewis.Ryma@dol.gov

*/s/ Chervonti Jones*
Chervonti Jones
Attorney
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
DC Bar No.: 1007012
(admitted *pro hac vice*)
P: (202)693-9373
F: (202)693-9392
E: Jones.Chervonti.J@dol.gov

```
```

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date: March 13, 2019

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Seth James B. Obed
VSB #82482
Obed Law Group, PLC
111 Oronoco Street
Alexandria, VA 22314
T: (703)638-8913
F: (703)894-4940
E: sobed@obedlaw.com
*Counsel for Defendants*

                 */s/ Ryma Lewis*
                 Ryma Lewis